Jackson, *ex dem.* Donnally and others, *against* Walsh.

Where two trustees, being a corporation, signed their names separately to a lease, and affixed the corporation seal separately to each name, it was held a good execution of the lease. Nine years is not a sufficient lapse of time, to afford a presumption of re-entry for the non-payment of rent. Entries made by a clerk in the books of trustees, being a corporation, by the direction of the trustees, are not evidence in a cause in which they are interested; nor is the evidence of the clerk who made the entries, of the declarations of the trustees admissible.

* See *ante,* p. 115.

THIS was an action of ejectment for land in *Newburgh,* in the county of *Orange.* The cause was tried at the *Orange* circuit on the 9th of *September,* 1807, when a verdict was taken for the plaintiff, subject to the opinion of the court, on the following case : The premises in question were part of certain lands called the glebe lands in *Newburgh,* granted by a charter dated the 26th of *March,* 1752, to certain persons stiled " The trustees of the parish of *Newburgh.*"* On the 1st of *September,* 1774, *Jonathan Hasbroeck* and *Isaac Belknap,* being the trustees of the parish of *Newburgh,* duly elected under the said charter, demised the premises in question to *Peter Donally,* and to his heirs and assigns, to have and to hold the same for and during the natural lives of *Peter Donally, Thomas Donally* and *Andrew Donally.* The lease contained a power of re-entry for non-payment of rent, in case no sufficient distress should be found on the premises. A seal was made for the use of the trustees, who were a corporation by the charter, on which were engraved the letters, N. B. The lease was signed with the names of both the trustees, and the seal above described was affixed to their names. *Peter Donally* died in possession of the premises, on the 29th of *November,* 1782, leaving the lessors of the plaintiff his heirs at law. After his death, his widow and his children, who were minors, remained in possession of the premises until the 3d of *December,* 1792, when she assigned the lease by an indorsement thereon to one *Moses Lyons.* The assignment was of all her right, title, interest and claim to the premises. In 1786 and 1788, the widow of *Peter Donally,* paid three pounds to the lessors as the balance then due for arrears of rent ; and in *April,* 1788, *Thomas Donally,* one of the children of *Peter Donally,* paid to the lessors, seven pounds and four shillings in full for the rent until the 1st of *May,* 1788. The widow

of *Peter Donally*, at the time the lease was assigned, left the premises, and *Lyons* took possession, and continued possessed until *June*, 1795, when the defendant took possession.

The defendant set up by way of defence, that the trustees of the parish of *Newburgh*, had re-entered on the premises for the non-payment of rent, and had afterwards demised the same to him. The evidence of this re-entry and demise, was a minute or entry in the books of account kept by the trustees, dated the 18th of *June*, 1795, mentioning that the premises had been re-entered and sold for rent in arrear.

One *Ammerman*, a clerk of the trustees, who made the entries in the books, testified that he made them by the direction of *Timothy Hudson* and *Phinehas Howell*, who acted as trustees, and that he knew nothing of the re-entry except from the entry in the books, and from what the trustees told him, and that the sale in *June*, 1795, was founded on such re-entry. The defendant also produced a lease from the said trustees, dated the 18th of *June*, 1795, which was objected to, but allowed to be read. He also read in evidence the act of the legislature, passed the 6th of *April*. 1803, to amend the charter of the glebe land in the German Patent in the village of *Newburgh*, and a lease from the trustees elected under that act, dated the 6th of *April*, 1803. This was objected to, as being subsequent to the commencement of this suit, and because the trustees had no power to make such a lease, but it was allowed to be read.

On a motion to set aside the verdict, the following points were raised by the plaintiff for the consideration of the court :

1. That the premises descended to the lessors as heirs at law of *Peter Donally*, deceased.

2. That no re-entry was ever made, or that there was not sufficient evidence of such re-entry.

3. That the leases to the defendant ought not to have been admitted in evidence on the trial.

*Fisk*, for the plaintiff, cited *Woodfall*, 139. 249. 2 *Black. Com.* 144. 1 *Saunders*, 287. *Note* 16.

*J. Radcliff*, contra, contended, 1. That the lease to *Peter Donally*, was executed by *Hasbroeck* and *Belknap*, in their individual capacities ; and could not be valid as a deed of the trustees, unless it was under their corporation seal.

2. That this was an estate *per autre vie*, which by the statute of 29 *Car.* II. and 14 *Geo.* II. passed to the executors and administrators of *Peter Donally*.*

* *Cruise's Dig. tit.* 3. § 92—94.

3. That the lapse of time from the 1st of *May*, 1783, to 1792, connected with the evidence of *Ammerman*, was sufficient to raise the presumption of a re-entry for the non-payment of rent.†

† *Jack. ex dem. Goose* v. *Demarest*, 2 *Caines*, 382.

*Fisk* was about to reply, but was stopped by the court.

*Per Curiam.* The lease of 1774, is valid. The trustees appear to have had a common seal, which is affixed to the lease. The signing of their names separately was unnecessary, but does not vitiate the deed as a corporate act. The lapse of time alone does not afford the presumption of a re-entry for the non-payment of rent, and the testimony of the clerk is no evidence. We are clearly of opinion that the plaintiff is entitled to recover.

Judgment for the plaintiff.