## JEREMIAH BAILEY *vs.* JOHN MARCH.

Where a tenant, in a writ of entry, acquires, after the commencement of the action, a better title than the title of the demandant, he may plead the title thus acquired, in bar of the further maintenance of the action.

Where *M.* entered upon land and evicted *B.*, who was in the actual possession of the land, in a writ of entry brought by *B.* against *M.*, it was held that evidence of a title in a third person had no tendency to disprove the demandant's seisin.

THIS was a writ of entry, upon which the demandant counted upon his own seisin of a tract of land in Eaton, and upon a disseisin by the tenant. The original writ in the cause was tested July 26, 1821.

The cause was tried here, upon the general issue, at September term, 1824, when the demandant shewed in evidence, that one *Joseph Ham*, having been in possession of the demanded premises for several years, by deed, dated July 6, 1796, conveyed the same to *Giles Richards*, who, on the 4th January, 1803, by deed, conveyed the same premises to *Samuel Morey* ; that *Morey*, on the 14th June, 1809, conveyed the land to *John Clark*, who, on the 29th June, 1809, conveyed the same to *Charles Clark*, and the latter to the demandant, by deed, dated January 7, 1818.

On the part of the tenant it appeared, in evidence, that *Giles Richards*, by deed, made March 2, 1797, conveyed the demanded premises to *Samuel Soley* and *David Stearns*, and that *Soley*, by deed, dated June 6, 1821, conveyed to *Josiah Batchelder* his " right and title to and in one moiety or undi- " vided half" of the same premises. *Batchelder*, having made his will, and named *Robert Bradley* his executor, died in the state of Maine, and the said executor caused the said will to be proved and allowed in the court of probate, in the county of Oxford, in that state, and took upon himself the burthen of executing the same will.

On the 29th May, 1822, letters of administration, with the said will annexed, were granted by the judge of probate, in this county, to *Jason Sherman*, of Gilead, in the state of Maine, who, by virtue of a license from the same judge, by deed, dated August 28, 1822, conveyed an undivided half of the demanded premises to *Colman Colby*, who, on the same day, conveyed the same, by deed, to *March*, the tenant.

The demandant then shewed, in evidence, that only a small part of the land was cultivated ; that *Charles Clark*

was in the actual possession of the cultivated part of the land, in the years 1810, 1811, and 1814 ; and that one *Kennet* occupied the same one year afterwards, under said *Charles Clark.*

A verdict was taken, by consent, for the demandant, subject to the opinion of the court upon the above case ; and it was agreed, that judgment should be rendered upon the verdict, or the same be amended, or set aside, and a general verdict be entered for the tenant, as the law of the case might seem to the court, upon further consideration, to require.

*Woodbury* and *I. Bartlett*, for the demandant.

*Mason*, for the tenant.

*By the court.* When this case was formerly before us, it appeared, that the demandant had a paper title ; but it did not appear, that he, or those under whom he claimed, had ever been in the actual possession of the land. We were of opinion, that, under those circumstances, the seisin of the demandant might be disproved by shewing a title in a stranger. 2 *N. H. Rep.* 522.

The case now presented for our decision is essentially different from the former case. It now appears, that the demandant has had the actual possession of the land. At least, he has a conveyance from one, who was in the actual possession under color of title ; and this seems to us to be equivalent to an actual possession in the demandant himself. The question then is, whether it was competent to the tenant to shew a title in a stranger to disprove such actual seisin of the demandant ? We are of opinion, that it was not. Because, in such a case, an actual seisin by wrong is a sufficient seisin to enable the demandant to maintain a writ of entry against one, who enters without a better right, and disturbs the demandant so seised ; and shewing a title in a stranger has no tendency to disprove an actual seisin in the demandant. Because, although the title may be in a stranger, the demandant may have been actually seised. We are, therefore, of opinion, that, as the tenant entered without judgment of law, and turned the demandant out of the actual possession of the land, evidence of a title in a stranger was wholly

irrelevant to disprove the demandant's seisin, and on that ground inadmissible. The demandant is then clearly entitled to judgment for a moiety of the land demanded.

But since the commencement of this action, the tenant has acquired a legal title to a moiety of the land, from one having a better title than the demandant ; and the question is, whether the tenant can avail himself of this title as a defence in this case ?

It is laid down in the old books, that if the land be recovered by a stranger pending the writ, the writ abates ; and that an action against a disseisor abates, if the disseisee enter pending the writ. *Com. Dig.* " *Abatement*" *H.* 54, 56.—14 *Mass. Rep.* 409, *Walcut vs. Spencer.*

It is now more than three centuries since real actions were generally in use in England ; of course few modern decisions in that country throw any light upon the subject. And we have adopted the law of real actions with so many material modifications, particularly in relation to costs, that the ancient cases afford us no light in settling the question we are now considering. We must, therefore, resort to the law in analogous cases for a guide.

Where the tenant has unjustly and without title entered and turned the demandant out of the possession of the land, it is unjust to permit the tenant to purchase in the title, and by that mean protect himself from the expense of an action, rightfully commenced against him, and throw the costs upon the demandant.

On the other hand, if the tenant has actually acquired a better title to the land than the title of the demandant, there seems to be no sound reason why he should not be permitted to hold the land.

And we are of opinion, that in such a case, by permitting the tenant to plead a title thus acquired, in bar of the further maintenance of the action, justice may be done to both parties. The demandant will be entitled to costs up to the time of the plea pleaded, (*Ante* 96, *Kimball vs. Wilson et a.*) and the tenant will hold the land, to which he has a better title than the demandant.

In this case, as the demandant is entitled to recover a moiety of the land, and will of course recover his costs, the tenant may now have leave to plead in bar of the further maintenance of the action as to a moiety, that since its commencement *Colman Colby*, being seised by an elder and better title than that of the demandant, conveyed the same moiety to the tenant ; and then the verdict being amended, judgment may be entered accordingly.