* Curia, per Savage, Ch. J.
All that was wanting to complete the plaintiff’s title, was a release from the devisees of Peter Winnie. The facts are certainly sufficient to warrant the presumption of a release. The lease for a year, preserved for a long time among Campbell’s papers, the possession of 40 years upon part of lot Ho. 1, and the possession of other lots in the patent belonging to the same right, are abundantly sufficient to authorize the presumption. [1]
Hew trial denied.

 It has been strongly intimated, though not directly decided, that delay by a landlord for twenty years, to enter for a forfeiture of his tenant's right, by the non-fulfilment of a condition, shall, under the statute of limitations, operate as a bar to his right of entry. (Per Lord Kenyon, C. J., and Ashhurst, J., in Doe, dem. Tarrant, v. Hellier, 3 T. R. 172, 173) That long delay would be a powerful argument for waiver of the right, in connection with other circumstances; and that it would in time, per se, be full evidence of a waiver, there can be no doubt: (Doe, dem. Tarrant, v. Hellier, 3 T. R. 162; Malone v. Malone, 1 Ball & Beat. 32, note (a);) a distinct act, or even a declaration directly incompatible with the idea of insisting on the forfeiture, done or made after, and with knowledge that it is incurred, will be adopted *434 as a waiver. (Milfax v. Baker, 1 Lev. 26. Malone v. Malone, 1 Ball & Beat. 32, note (a) But, for this subject at large, see vol. 2.
So, on the other hand, a re-entry for breach of condition, regular and formal at the common law, may be presumed from the lapse of time during which the lessor has possessed. This has been done after 14 years. Jackson, ex dem. Goose, v. Demarest, 2 Cain, Rep. 382. Jackson, ex dem. Smith, v. Stewart, 6 John. Rep. 34.) But it was denied that nine years’ possession would warrant the presumption. (Jackson, ex dem. Donnally, v. Walsh, 3 John. Rep. 226.) And in a subsequent case, it is declared that any time short of 14 years is not enough. (Jackson, ex dem. Myers, v. Elsworth, 20 John. Rep. 180.) After one lease given for 81 years to one, and then a second and third lease by the reversioner to another, the original lessee being out of possession, leaving the latter lessees or their assignees in possession, who paid rent for a long time, a surrender or assignment of the first was presumed. (Westropp's lessee v. Moore, 2 Fox and Smith, 363.)