### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF MERRIMACK, FEBRUARY TERM,

### A. D. 1830.

---

## JOHN BERRY *versus* E. BROWN.

A tenant in a real action may, for the purpose of disproving the demandant's seizin, show a title in a stranger.

THIS was a writ of entry brought to recover a tract of land in Pittsfield, and was tried upon the general issue at September term, 1829, and a verdict taken for the tenant subject to the opinion of the court upon the following case.

John Jones, senior, being seized of the demanded premises by will, which was proved and allowed on the 27th April, 1815, devised the same premises to Jacob Jones, and John Jones who entered and became seized as the law requires.

John Jones, by deed, October 18, 1825, conveyed his moiety of said premises to Winthrop Jones.

The demandant, Berry, having an execution against Winthrop Jones, caused the same execution to be extended upon said Winthrop's interest in the premises, on

the 6th December, 1826, and having another execution against Jacob Jones, he caused it to be extended upon the said Jacob's interest in the premises on the same day.

On these facts the demandant rested his right to recover the land.

On the part of the tenant it appears that John Jones, before the 13th, December, 1816, conveyed his interest in the premises to Abner Jones ; and that Jacob Jones, by deed, on the 20th December, 1816, conveyed his interest to Abner Jones, and that Abner Jones, on the same day, conveyed his estate in the land to W. Yeaton.

William Butters having sued out a writ against Abner Jones, caused the premises to be attached on the 13th December, 1816, and caused the execution he obtained in that suit to be extended within thirty days after judgment upon the entire demanded premises. William Butters, by deed, July 18, 1820, conveyed the same premises to the tenant, who has ever since been in the actual possession of the same. William Yeaton conveyed his interest to the tenant since the commencement of this suit.

*Merrill* and *I. Bartlett*, for the demandant.

*Stevens* and *Sullivan*, for the tenant.

*By the court.* This is a very plain case. When Butters attached the land as the property of Abner Jones, on the 13th December, 1816, the said Abner was seized of an undivided moiety ; and the execution of Butters having been extended upon the land within thirty days after judgment, he acquired a good title to a moiety, which title the tenant now has.

With respect to the other moiety it appears that on the 20th December, 1816, seven days after Butters made his attachment, this moiety was conveyed to Abner Jones, but he, on the same day, conveyed all his interest in the land to Yeaton. Whether the attachment of Butters

could have any operation with respect to the moiety, thus subsequently conveyed to Abner Jones, it is unnecessary to enquire, because there is another view of the subject which is decisive of this part of the case.

The tenant had been in possession of the land several years before the demandant made his extent, and is not to be disturbed by any person who can show no better title. As to this moiety, the demandant's title is this; he extended an execution upon it on the 6th December, 1826, as the property of Jacob Jones. But Jacob Jones parted with all his title to the land on the 20th December 1816, and had no interest in the land when the demandant made his extent, but the title was in Yeaton. The tenant then being in possession long before, and ever since the extent, has, by showing a title in Yeaton, completely disproved the demandants seizin. The extent gave no title, and the entry to make it was an unlawful disturbance of the tenant. 9 Mass. Rep. 96, *Bott v. Burnell.*

That it was competent to the tenant, under the circumstances of this case, thus to disprove the demandant's seizin by showing a title in a stranger, has been heretofore settled in this court. 2 N. H. Rep. 522, *Bailey v. March* ; 3 N. H. Rep. 274.

*Judgment on the verdict.*