IN THE

## SUPERIOR COURT OF JUDICATURE,

FOR THE

## COUNTY OF COOS, JULY TERM,

**A. D. 1835.**

---

## LUMBARD *vs.* ALDRICH.

A corporation, created by the laws of another state, has power to take and hold lands in this state.

A vote of a corporation to authorize an agent to convey lands must specify the tract to be conveyed, or give some description by which it can be ascertained. A vote that the agent be authorized to execute two deeds of pieces of land in C., one to A., and another to B., is uncertain and insufficient. The power of attorney ought to be as certain as it is necessary for the deed to be which is to be executed under it.

The evidence of an officer of a corporation, stating the by-laws of such corporation, is inadmissible.

WRIT OF ENTRY, in which the plaintiff demands a tract of land in Colebrook, being Settlers' lot No. 18, so called.

At the trial it appeared in evidence, that one Robert Rogers, Jr., being seized of the demanded premises, on the 10th of October, 1829, conveyed them to the Manufacturers and Mechanics Bank, a corporation by law duly established as a bank, at Boston, in the commonwealth of Massachusetts, and having power by charter " to hold, purchase, receive, ' possess, enjoy, and retain to them and their successors and ' assigns, lands, tenements, rents, and hereditaments, to the ' amount of one hundred thousand dollars, and no more at

'any one time, with power to bargain, sell, and dispose of 'the same."

The demandant offered in evidence an instrument purporting to be a deed from said corporation to himself, October 23, 1829, executed by Henry Jaques, President, and having the corporate seal affixed. Also an extract from the records of said bank, as follows, to wit.—" Voted, that the President, 'in behalf of the bank, be authorized to execute in due 'form two deeds of pieces of land in Colebrook, in the state 'of New-Hampshire, belonging to the bank, one to Lyman 'Lumbard, and one to James M. Hilliard, and to affix the 'seal of the bank thereto, and acknowledge the same before 'any magistrate, and thereby to convey and transfer the 'lands bargained and sold to them."

The deposition of the cashier of the bank was offered in evidence, stating that one of the by-laws of said corporation, which had existed since February 26, 1814, authorized the directors to make rules and regulations for the management of the interests of the institution, and generally to enjoy, possess, and exercise all the powers granted to the corporation in cases not otherwise provided for ; and that there was no special provision, either in the charter or by-laws, other than the by-law last mentioned, authorizing the conveyance of real estate situated as the real estate in Colebrook was, in which the bank had an interest. No copy of the by-laws was offered.

The tenant objected that said corporation had no right to hold and convey real estate in this state, and that there was no evidence to show that said corporation had authorized said Jaques to execute the said deed, or to convey the land in question.

A verdict was taken by consent for the tenant, judgment to be rendered thereon, or the verdict set aside and judgment entered for the demandant, according to the opinion of this court upon the foregoing case.

*Jos. Bell,* for the demandant. Corporations stand on the

same ground as individuals—have the same right to hold real estate. All the rights the charter confers on them may be exercised in this state, so long as they do not come in conflict with the laws here. Corporations have power to dispose of their real estate. So is the charter. And the directors have power to do so in this case. A power to convey real estate not being specially provided for, it comes under the general clause. The directors authorized the president to convey a piece of land, and he conveys this piece. If Hilliard had authorized this defendant to enter, there might have been some difficulty. But Hilliard does not claim, and the bank does not.

*J. Smith*, for the tenant. The case does not show that the directors intended to give the president authority to convey this lot No. 18.

It does not appear that Jaques was president of the bank.

Nor is it shown that the directors had any authority to convey real estate. It is not shown that a conveyance of real estate is not provided for in some other way. There is no competent evidence on the subject. A copy of the by-laws should have been produced.

PARKER, J. The objection, taken at the trial, that a corporation created in another state has no right to hold and convey real estate in this state, seems to have been abandoned by the counsel, and evidently cannot be sustained. It is well settled that a corporation created in one government may sue in the courts of another. If foreign corporations may sue here, they must be entitled to the benefit of their judgments, according to the ordinary course of law. They may, therefore, levy on land, in satisfaction of their executions. Our laws have imposed no restraint upon foreign corporations in this respect, and we cannot therefore deny them the same final process that we grant to the citizens of another state

*Margin:* Lumbard *vs.* Aldrich.

when they obtain judgments here. And as that process authorizes a levy upon the land of the debtor, they may of course avail themselves of it to obtain a title to real estate in satisfaction of the execution.

If they may thus acquire a title, it would be exceedingly absurd to say that they might not maintain an action for the possession, or that they could not convey the title thus acquired. And, if they may do this, no sound principle occurs to us by which we can hold that they may not take a title by deed, as well as part with one ;—why they may not take land in satisfaction of a debt by agreement, as well as by levy ;—or why the satisfaction of a debt must be the sole consideration for a conveyance. 4 *Johns. Ch. Rep.* 370, *Silver Lake Bank* vs. *North ;* 10 *Mass. Rep.* 91, *Portsmouth Livery Co.* vs. *Watson ;* 2 *Lord Raym.* 1532, *Henriques* vs. *Dutch W. I. Company ;* 2 *Kent's Com.* 229.

If any evil is to be apprehended in this respect the remedy for the correction of it lies not with us.

The other exceptions to the title of the demandant must prevail. The attempt to pass the title from the bank has been very loosely conducted. There is nothing in the case to show that this piece of land was one of those intended by the directors, except that it was owned by the bank before that time.

If it were shown that the bank was the owner of but two pieces of land in that town, there is a total want of any thing to designate which was to be conveyed to Lumbard, and which to Hilliard. Had the corporation by deed granted "two pieces of land in Colebrook, N. H., belonging to the bank, one to Lyman Lumbard, and one to James M. Hilliard," or rather had the bank made a deed to each of these persons, at the same time, purporting to convey " a piece of land in Colebrook belonging to the bank," there would have been an entire uncertainty what each was to take. *Shep. Touch.* 250, *ch.* 12 ; *Perk. sect.* 67. Neither could have had an election. There is a similar uncertainty in the present case respecting what the bank intended to convey.

The power of attorney ought to be as certain as it is necessary for the deed to be which is to be executed by virtue of it, and the tenant has a right to require of the demandant to show a title.

There is no evidence that the directors could empower the president to convey. There is no evidence that they had any such authority themselves. There is no pretence that the testimony of the cashier can be received to state what the by-laws are, and the authority conferred by them. That is to be ascertained by the production of the by-laws themselves.

There must, therefore, be

*Judgment on the verdict.*