## HAVEN *vs.* THE N. H. ASYLUM FOR THE INSANE.

In a suit against a corporation to recover expenses incurred by the plaintiff while employed in the service of the corporation, it appeared from his evidence that he was appointed an agent of the corporation by a vote of the trustees, and that there were records of the corporation. No notice was given the corporation to produce the records.—*Held*, that parol evidence of the vote was inadmissible.

The court cannot notice judicially the charter or by-laws of a corporation, or whether the trustees would be authorized to appoint an agent of the corporation.

ASSUMPSIT, to recover money expended by the plaintiff for his expenses in travelling, and delivering lectures, and soliciting donations for the Asylum, by the direction and in the employment of the institution. The plaintiff offered in evidence the depositions of Samuel E. Coues and Alfred W.

Haven. Annexed to the deposition of Mr. Coues was a paper signed by Messrs. Coues and Haven, stating that in pursuance of a vote by the corporation, authorizing the appointment of a general agent, the plaintiff was duly appointed such agent for all business of the institution, until the next meeting of the corporation. This paper was dated on the 20th day of September, 1838. Mr. Coues deposed that he was authorized by a vote of the trustees of the Asylum to appoint an agent; that he was present when the vote was passed; that he, as one of the trustees, approved of the charges made by the plaintiff, a copy of which was annexed, and was satisfied they were correct. On his cross examination he stated that he had been told that no such vote appeared on the records of the trustees, but that he had not examined the records personally; that this was the first meeting of the trustees, and a secretary was chosen, and that he saw him writing at the table. He could not recollect the language of the vote authorizing the appointment of an agent, nor did he ever act as secretary of the corporation, or of the trustees, but he kept a book of records of the association, in which he entered various memoranda of matters connected with the Asylum, before the organization of the board of trustees, on the first meeting of the corporation, which he gave to the secretary either of the corporation or of the trustees.

The plaintiff's account of his expenses appeared to be approved by Mr. Coues and Charles A. Cheever, styling themselves trustees; and Mr. Coues testified that Cheever was one of the trustees. This evidence was objected to, on the ground that he could not be proved to be a trustee by such testimony.

Mr. Alfred W. Haven deposed that Mr. Coues informed him that they were authorized to make an appointment of an agent, and that he signed the paper accordingly.

It was agreed that if the court should be of opinion that the depositions were incompetent to prove the facts therein stated, judgment should be rendered for the defendant; but

if they were competent, an auditor should be appointed to examine and report upon the claim of the plaintiff.

*Hackett*, for the plaintiff.

*St. Clair*, for the defendant. The point we make is, that it is incompetent for the plaintiff to prove the records of the corporation by parol testimony ; and if no record of any particular vote was made, he must first produce the books, or show why he does not produce them, before he can prove by parol the omission to record a vote. Parol evidence is not admissible to supply the deficiency in parish records of votes by a parish, in a suit brought upon an agreement alleged to have been acceded to by such votes. *Manning* vs. *Fifth Parish in Gloucester*, 6 *Pick.* 6. A deficiency in a town clerk's record cannot be supplied by parol. *Taylor* vs. *Henry*, 2 *Pick.* 403. In the case of *Lumbard* vs. *Aldrich*, 8 *N. H. Rep.* 31, it was held that the evidence of an officer of a corporation, stating the by-laws of the corporation, was inadmissible, but that the matter was to be ascertained by the production of the by-laws themselves. *Hallowell Bank* vs. *Hamlin*, 14 *Mass.* 178 ; *Moore* vs. *Newfield*, 4 *Greenl.* 44. A party cannot examine a witness as to the contents of a written instrument, without showing that notice has been given to the opposite party to produce it. *Jackson* vs. *Van Slyck*, 2 *Caines* 178.

GILCHRIST, J. It is very probable, from the testimony of Mr. Coues, that a record was made of the appointment of the plaintiff as an agent of the Asylum, and it is certainly to be implied that the corporation kept records of their doings. The rule then applies, that the best evidence must be given of which the nature of the thing is capable ; that no evidence shall be given which supposes still greater evidence behind in the party's possession or power. And if, in the course of a trial, it appear, either upon the direct or cross ex-

amination of the witnesses, that written evidence exists of the facts sought to be proved by parol, the parol evidence will be laid out of the case. *Rex* vs. *The Inhabitants of Padstow*, 4 *B. & Ad.* 208.

If in a suit against a corporation it be desired to prove the acts of the defendant, its records, which are usually kept, are the best evidence, and should be produced. *Owings* vs. *Speed*, 5 *Wheaton* 424; 3 *Johns.* 226; 10 *Johns.* 154. The testimony of an officer cannot be received, to show what the votes are, or the authority conferred by them. *Lumbard* vs. *Aldrich*, 8 *N. H. Rep.* 31. And if the plaintiff desired to prove any facts which appeared of record, he should have notified the corporation to produce the books. If they had not been produced, he might then have given parol evidence of the votes of the trustees. *Thayer* vs. *Middlesex Mutual Ins. Co.*, 10 *Pick.* 326. The depositions were, therefore, incompetent.

It may be added, also, that in this case there was no evidence of the charter or the by-laws, so that it could be ascertained what powers had been given the trustees. These matters we cannot judicially notice. If the trustees had no power to appoint an agent, the action could not be maintained, and in that case the depositions would be immaterial. In the present state of the case, there must be

*Judgment for the defendant.*