# ROCKINGHAM,

## DECEMBER TERM, A. D. 1847.

### SPENCE *v.* SMITH.

Depositions that have been read at the trial of a cause, without objection, may be read at a subsequent trial, unless some new fact create an objection.

Where a demandant has proved actual seizin in himself, the tenant shall not prove title in another, unless he claims that title.

The declarations of one in the occupancy of land, to the effect that the demandant is his landlord, are evidence in favor of the demandant, whether the tenant claim under such occupant or not.

WRIT OF ENTRY, for one undivided seventh part of a tract of land and buildings thereon, situated in Portsmouth, in said county.

The tenant pleaded *nul disseizin.* The demandant claimed title as one of the seven children and heirs of Robert T. Spence, Sr., late of Baltimore, deceased, who, the demandant alleged, was the son of Mary Spence, late of Portsmouth aforesaid, deceased, widow of Keith Spence, formerly of said Portsmouth, which said Mary Spence, the demandant alleged, was the daughter of Robert Traill, formerly of said Portsmouth, and subsequently of the island of Bermuda, and that the said Traill formerly owned the demanded premises, and that the same came to her, the said Mary Spence, from him by descent or conveyance.

The demandant proved that Robert Spence, Sr., was the son of the aforesaid Keith Spence and Mary Spence, who,

with their family, formerly lived on the demanded prem-- ises, in the house wherein the tenant now resides, and that said Robert T. Spence, Sr., died in September, 1826, leaving seven children, of whom the demandant is one. The demandant then introduced an office-copy of the will of Mary Spence, proved, &c., January 8, 1824, which contained a devise in the following words: . "I give and bequeath to my oldest son, Robert Traill Spence, and his heirs, the mansion-house and land and appurtenances, situated in Broad street, in which I now reside." It further appeared that said Keith Spence and Mary Spence, his wife, were married in 1778, or about that time, and that they resided on the demanded premises with their family, until they had five children; that after this— about 1796 or 1798—Keith Spence went away, leaving his family in the house, on the demanded premises, and died in New-Orleans, about 1806 ; that Mary Spence, with several of her children, and among them Maria B. Spence, continued to reside on the demanded premises from the time when the husband and father left them until the death of said Mary, in 1824, and that said Maria B. resided there until her death, which happened a short time since. It also appeared that Robert Traill, the father of the said Mary Spence, once lived upon said premises, and in the year 1785 made a conveyance of the same, in the form of a lease and release, to one Joshua Brackett, for the use and benefit of his daughter, Mary Spence. These conveyances were found by the executor of Mary Spence, among her papers, after her decease. To prove the plaintiff to be one of the heirs of Robert T. Spence, deceased, the deposition of Graham K. Spence was introduced. To the caption of this deposition the tenant excepted, for several causes.

It appeared, however, that the deposition had been used upon a former trial of this case without any exceptions being saved on the part of the tenant.

Spence v. Smith.

It further appeared that Maria B. Spence, daughter of Mary, and sister of the said Robert T. Spence, deceased, continued to occupy the premises after her mother's decease, and that she was subsequently married to the tenant, James Smith; that in 1833, before her marriage, while she was in possession of said premises, in a conversation with a witness she told him that the property was about to be sold for taxes; that she ought to pay the taxes, as the owners in Baltimore had allowed her to live there, and had not received rent. Another witness testified that she frequently, before her marriage, told him that the house belonged to her brother Robert, in Baltimore. It further appeared that she had, prior to her marriage, repeatedly stated to others the same in substance; that at one time she said she was allowed by her brother to occupy the house, on condition that she did not let another occupy it with her, and at another time that she was going to make preparations to pay the rent.

The tenant contended that inasmuch as he did not claim under Maria B. Spence, her delarations, while in possession, were not evidence in this action. The evidence was, however, admitted. The demandant here rested his case.

In order to show that the demandant had no such seizin as entitled him to recover in this action, the tenant stated, and offered to prove, that the said Robert Traill's title to the property was only a term of years, and that the North Parish treated him as a tenant; that Charles Lowell, the executor of Mary Spence, had, with the knowledge, approbation and consent of Robert T. Spence, Sr., after the death of Mary, and out of the estate, paid to the said First Parish the sum of $121.07, and made the following entry in his administrator's account: "May 10, 1825. Paid North Parish, for rent of glebe land, $121.07," and that the demanded premises were the glebe

land intended. And further, to show that the demandant had never entered upon or been in actual possession of the demanded premises, other than by Maria B. Spence, as before stated.

This evidence was rejected by the court as immaterial, to which the defendant excepted. Hereupon a verdict was taken, by consent, for the demandant, subject to the opinion of the court upon the foregoing case.

*Christie*, for the tenant. The defendant is not in privity with Maria B. Spence, and ought not, therefore, to be prejudiced by her declarations.

The evidence relating to the nature of Robert Traill's and of Mary Spence's possession ought not to have been rejected. It showed that there was no freehold in the demandant, who could not, for that reason, have maintained a real action.

*Emery*, for the demandant. The declarations of Maria B. Spence were competent, because they were in disparagement of her own title. 1 Greenl. Ev. 125; 4 Taunt. 16; 2 T. R. 53; 5 B. & Ald. 223; 1 Bing. 430; 6 C. & P. 139; 1 Stark. Ev. 365; 3 N. H. Rep. 486.

GILCHRIST, J. Robert Traill was formerly in possession of the demanded premises, and in the year 1785 conveyed the same for the use of his daughter Mary, then the wife of Keith Spence. Spence and his wife were already in possession, and so continued till his death, after which Mary remained in possession till 1823, when she died, having devised the estate to her son, Robert Traill Spence, of Baltimore. He died in 1826, leaving seven children, of whom the demandant is one.

Now it is perfectly clear that upon this state of facts the demandant would be entitled, as against a stranger, to maintain his action for one undivided seventh part of

the premises claimed. He is entitled, as an heir of R. T. Spence, the elder, under a devise made by one in possession claiming a fee: That is, under the devise of Mary Spence, to whose use Keith Spence, previously in possession, conveyed the land in 1785.

To rebut this case made by the demandant, the tenant offered to prove that the title to the land was in another; that Robert Traill, the ancestor, was not seized in fee, but was in possession only as the tenant of the North Parish, and that the demandant himself had recognized the title of the parish.

The tenant does not derive a title from the parish, but seeks to rebut the evidence of the demandant's seizin by the proof offered.

First, as to that part of the evidence offered that relates to the title of Robert Traill. It would not disprove the seizin of Mary Spence, who was in, claiming a fee, under a conveyance purporting to give one, from one who was in possession when he gave it, to show that the grantor's title was defective, or that he was in possession in subordination to another. The evidence was, therefore, incompetent.

Secondly, as to the evidence proving that the demandant had acknowledged the title of the parish. It is a perfectly established rule of evidence in the trial of real actions, that where a demandant has put in evidence of his own seizin in fact of the premises demanded, the tenant shall not be permitted to prove that the title is in another, unless he himself has that title. Such evidence exists in the present case. The color of title is the will of Mary Spence, conveying a fee to the demandant's ancestor, and the possession of Maria B. Spence is shown by evidence hereafter to be considered, to have been his possession under that will. The tenant cannot oppose that by evidence that another party has a better title. It would be wholly unreasonable to require the plaintiff, in

an action counting upon his own seizin and upon a dis-
seizin by the tenant, to allay every doubt which the latter
might be able to raise as to the validity of claims of
strangers. *Bailey* v. *March*, 3 N. H. Rep. 274.

This view appears to be conclusive, without inquiring
whether the evidence offered was sufficient to disprove
the seizin of Mary Spence.

The payment of rent by her executor to the North Par-
ish is a clear admission on his part that some such relation
as that of tenancy existed between the testatrix and the
parish. But that was not her admission ; and the demand-
ant might have known and approved of the act without,
perhaps, being estopped by it. He might have had no inter-
est to oppose it. It was the act of one who was not
bound by the demandant's wishes in respect to it, and of
one between whom and the demandant there is no pri-
vity in respect to the estate. It would be going far to
say that the payment of rent by the executor could estop
the heir from claiming a freehold, even though the heir
advised him to yield to the claim.

But the case is decided upon the ground that the
demandant was seized in fact.

As to the declarations of Maria B. Spence, a daughter
of Mary, and who remained in the occupancy of the
premises after the decease of her mother, their effect
and purport are to recognize the title of the plaintiff, and
that she was in possession under him, and by his permis-
sion.

It has frequently been held that the declarations of one
in possession are evidence against those who claim under
them. *Bagalley* v. *Jones*, 1 Campb. 367; *Human* v. *Pet-
tett*, 5 B. & Ald. 223.

But it has also been held that such declarations are evi-
dence in favor of the party whose title was acknowledged
by their purport, even against those who had no privity or
connection with the tenants.

A case often cited to that point is that of *Peaceable* v. *Watson*, 4 Taunt. 16, in which *Mansfield*, C. J., said : " Possession is *primâ facie* evidence of seizin in fee simple. The declaration of the possessor, that he is tenant to another, makes most strongly, therefore, against his own interest, and consequently is admissible."

In *Doe* v. *Stacy*, 6 Car. & P. 139, the same principle was sustained, against the objection taken by the defendant, that he did not claim under the tenant whose acts and declarations were offered in evidence.

The principle was recognized in *Woods* v. *Blodgett*, decided in Grafton county, 1845, and Professor Greenleaf, in his treatise on evidence, states it in full and explicit terms. 1 Greenl. Ev., sec. 109, where the authorities are collected.

Maria B. Spence was occupying the disputed premises. That occupancy, unexplained, would be proof of seizin on her part. But occupancy is an act capable of explanation, and carries with it legal consequences, depending upon the purpose for which it is exercised. A knowledge of this purpose may be derived from the declarations of the party performing the act, and peculiar force is given to his expressions, when they are against his own interest, and tend to cut down his title.

If one, in the open and ostensible occupancy of land, is there as the servant or the tenant of another, this other is really the one in possession, performing the acts appropriate to that relation, through the agency of his tenant or servant. Thus the possession of the premises is proved by the declarations of Maria B. Spence, deriving their credit from their connection with her act, and from their being, in disparagement of her title, to have been in the demandant.

The evidence was properly admitted.

The objections to the depositions came too late. The depositions had been used without objection at a former

trial of the cause, and that is held to be a final waiver of objections. It was so held in *Prescott* v. *Hawkins,* in Grafton county.

There must, therefore, be

*Judgment on the verdict.*