## Gage *v.* Gage.

A power of attorney to convey real estate ought to be as certain as it is necessary for the deed to be which is to be executed under it. It should possess the same requisites, and the same solemnities and formalities should be observed in its execution, as are necessary in a deed directly conveying the estate.

Where a statute made it indispensable to a good conveyance of land that the deed should be witnessed by two subscribing witnesses—*held*, that a power of attorney to convey lands under such statute would not be good unless it was witnessed by two subscribing witnesses.

Where an entry is made upon land, under color of title, the party is presumed to enter according to his title, notwithstanding it may be defective, and his possession to be adverse to all others.

Twenty years open, visible, adverse possession of land, under color of title, will give good title to the same.

    WRIT OF ENTRY, dated September 7, 1852. The following facts were agreed upon by the parties.

    Benjamin S. Gage died in 1829, seized of the demanded premises in fee, leaving nine children and a widow, whose

dower was assigned in the demanded premises, April, 1830. March 14, 1832, Joseph C. Moore acquired the title of all the heirs, except the demandant, in the two-thirds, and in 1845 the widow released her interest in her dower to said nine children, and said Moore acquired the title of all but the demandant in said dower.

In 1831, the demandant gave A. Gage a power of attorney to convey all his interest in the demanded premises, duly acknowledged and recorded, but attested by but one subscribing witness. Under this power, in 1831, A. Gage conveyed to J. McK. Wilkins all the demandant's interest in the demanded premises, and in March, 1832, Wilkins conveyed the same to said Moore. The tenant has Moore's title, and Moore and his grantees have been in possession of the two-thirds all the time since March, 1832. The widow had the exclusive possession of the dower until 1845. The tenant has possession thereof since 1845. Up to 1845 the demandant was occasionally upon the demanded premises. In 1832, all the heirs received payment equally for what was then conveyed to said Moore. In 1845, the other heirs received payment for their interest in the dower, but the demandant received nothing.

It was agreed that the questions arising upon this statement of facts be transferred to the superior court, and such judgment be rendered as that court should order.

*Emerson*, for the plaintiff.

1. Under the statute of 1829, a deed of land, with but one subscribing witness, conveyed nothing. *Stone* v. *Ashley*, 13 N. H. Rep. 38.

2. When a deed is made by an attorney, the power of attorney must be executed in the same manner as a deed is required to be executed. *Clark* v. *Graham*, 6 Wheat. 577 ; 7 Dane 442.

3. And when executed out of the State, the deed and

power must be according to the laws of the State where the
land is situated.    *Clark* v. *Graham*, above cited.

4.    Possession of one tenant in common is possession of
all, unless there is an actual ouster, or a clear denial of pos-
session.    2 Dane 227, § 12.    And we contend there was no
actual ouster by J. C. Moore, and no denial of the deman-
dant's possession or right of possession of the two-thirds at
any time; and certainly none until he undertook to convey
the whole estate, which we say was within twenty years.
And so far as the dower land is in question there can be no
pretence of twenty years adverse possession.

*Morrison & Fitch*, for the defendant.

The estate of a tenant in common is subject to the same
dispositions, incidents and charges as an estate owned in
severalty.    1 Hilliard on Real Property 581.    The same
doctrine is distinctly laid down in 2 Greenleaf's Cruise 438·

The tenant, George W. Gage, and those under whom he
claims, have been in the continued, actual, uninterrupted, ad-
verse possession of the premises claimed by the demandant
ever since March, 1832, under and by virtue of a deed duly
executed by the attorney of the demandant in 1831.

This, the tenant contends, being more than twenty years,
is sufficient to give him a good title to the premises de-
manded.

Where an entry is made under color of title, however de-
fective the title may be, the party is presumed to enter ac-
cording to his title, and his possession to be adverse to all
other titles.    *Lund* v. *Parker*, 3 N. H. Rep. 49, and cases
there cited.

EASTMAN, J.    Under the provisions of the statute now in
force, a power of attorney to convey real estate must be ex-
ecuted with the same formalities as the deed itself.    Rev.
Stat. ch. 130, § 6.    But whether at common law or under
the statute of 1829, which was in force at the time the power

of attorney mentioned in this case was executed, the same strictness is required is not so clear.

In *Lumbard* v. *Aldrich*, 8 N. H. Rep. 31, it was held, in general terms, that a power of attorney ought to be as certain as it is necessary for the deed to be which is to be executed under it. But the particular formalities required in the execution of a power of attorney were not specially considered in that case, although the general proposition was laid down as we have stated it.

In *Montgomery* v. *Dorion*, 6 N. H. Rep. 252, it was said by *Parker*, J., that the statute indicates that powers of attorney were intended by the Legislature to be placed upon the same ground as the deeds which might be made under them. This was said of the statute of 1791, which, so far as powers of attorney are spoken of, contains the same provisions as the statute of 1829. And the remarks of the court in *Southerin* v. *Meudum*, 5 N. H. Rep. 428, are of a like import.

In *Society for Propagating the Gospel* v. *Young*, 2 N. H. Rep. 312, *Woodbury*, J., appears to express the opinion that a power of attorney should be as formal as the deed.

*Story*, in his work on Agency, after laying down the rule that an agent or attorney may ordinarily be appointed by parol, says that one exception is, that, whenever any act of agency is required to be done in the name of the principal, *under seal*, the authority to do the act must be conferred by an instrument under seal. Thus, for example, if the principal would authorize an agent to make a deed in his name, he must confer the authority on the agent by a deed. A mere unsealed writing will not be sufficient to make the execution of the deed valid at law, though the court of equity might, in such case, compel the principal to confirm and give validity to the deed. Story on Agency, ch. 5, p. 48, 50.

These authorities, it will be perceived, do not come precisely to the point raised in this case, although they have a general bearing upon it.

The case of *Clark* v. *Graham*, 6 Wheat. 577, cited by the demandant's counsel, has a direct application to the question. It was there held that a power to convey lands must possess the same requisites and observe the same solemnities as are necessary in a deed directly conveying the lands.

This is the only case that we have met with that is directly in point. But we think that the rule as there stated is the correct one, and that such should be the doctrine in a court of law. An agent should not have the power to do an act where the instrument giving him the power is incomplete—where it lacks a requisite which would be essential in performing the act itself. His authority should be coextensive with the act to be done, and the instrument clothing him with the authority as complete as the deed which he is to give. It should be executed with the same formalities as are required in carrying out the will of the principal.

Should it at any time appear that the principles of good conscience would be infringed by this rule, equity might, perhaps, interfere to make such decrees as would be deemed right. Our present statute is so plain that there can be very little fear of error growing out of conveyances made since 1843.

The demandant's right to the two-thirds of the property was conveyed in 1831, by a power of attorney from him made in the same year, to which there was but one subscribing witness; and under the statute then in force, the statute of 1829, a conveyance made by deed with only one witness would not be good. *Stone* v. *Ashley & a.*, 13 N. H. Rep. 38. And, according to the rule which we have stated, this power of attorney was not good.

But the deed itself, which was given by the attorney acting under his power, was legally witnessed; and in March, 1832, the premises were again conveyed to one Moore; and he and his grantees have ever since been in possession of the same under his title, supposed to be good, without molesta-

tion from any quarter, so far as this case shows, till September, 1852, when this suit was commenced.

In 1832, when Moore acquired his title to the whole two-thirds, all of the heirs, and of course the demandant, received payment for the whole premises except the widow's dower. So far, then, as the premises, with the exception of the widow's dower, are concerned, the case between the demandant and tenant stands thus :   The demandant, as heir of Benjamin S. Gage, being owner of one-ninth of the two-thirds, and of one-ninth of the reversion of the widow's dower, in 1831, gave to A. Gage a power of attorney to convey his interest in the premises, but the power of attorney was defective in having but one subscribing witness thereto.   A. Gage, in the same year, acting under that power, and undoubtedly supposing it to be good, conveyed by deed, in due form, the demandant's interest, as specified in the power, to Wilkins; and in March, 1832, Wilkins conveyed to Moore, and the demandant received the consideration for his share of the premises.   And under these conveyances Moore and his grantees, whose title the tenant has, have been in the quiet possession of the premises for more than twenty years.

From this statement, it is perfectly apparent that the demandant has not the least shadow of equity in his claim to the two-thirds, and we think, also, very little in law.   The tenant and his grantors have been in the quiet, undisturbed possession of the two-thirds, with the knowledge of the demandant, claiming under deeds duly executed, for more than twenty years, without any claim or complaint from the demandant or any one else; and this is sufficient to give the tenant a good title as against the demandant. When an entry is made upon land, under color of title, however defective the title may be, the party is presumed to enter according to his title, and his possession to be adverse to all others.   *Lund* v. *Parker*, 3 N. H. Rep. 49; *Bailey* v. *Carleton*, 13 N. H. Rep. 15; *Woods* v. *Banks & a.* 14 N. H.

Rep. 101; *Jackson* v. *Ellis*, 13 Johns. 118. But this is a rule so well established in this State, that it is unnecessary to cite authorities to sustain it. And where a person has a conveyance from one who was in the actual possession under color of title, this is equivalent to an actual possession in the person himself. *Breck* v. *Young*, 11 N. H. Rep. 485; *Bailey* v. *March*, 3 N. H. Rep. 274.

It is no answer for the demandant to say that the twenty years possession under the deeds did not give title, on the ground that the possession of one tenant in common cannot be adverse to that of his co-tenant. This tenant did not hold as co-tenant with any one. He held the whole property as owner under the deeds, without claim or suggestion of title from any other source.

Nor do we think that any importance is to be attached to the statement in the case, that up to 1845 the demandant was occasionally upon the demanded premises. It is not stated for what purpose he was there. For aught that appears, it may have been upon ordinary business with the tenant, in the same manner that he might be upon the farms of other acquaintances with whom he had business. To make his going upon the demanded premises of any weight, it must have been done with a claim of title, or in a manner to show an interruption of the tenant's possession.

These views dispose of the main questions in the case; but the demandant is, notwithstanding, entitled to recover for one-ninth of the widow's dower. This he acquired by a conveyance from the widow herself in 1845. His title to that has not been parted with, and there must be judgment accordingly.

Upon the case as stated, the clerk will certify to the common pleas that the plaintiff is entitled to judgment for one-ninth of the widow's dower.