38    215
111a  5158

## CHARLES M. CHASE

*v.*

## THE SYCAMORE AND COURTLAND RAILROAD COMPANY.

1. SUBSCRIPTION—*to stock of railroad.* A subscription to the stock of a Railroad Company, conditioned to be paid when the sum of five thousand dollars was raised for a certain purpose, is a conditional contract.

2. A mere subscription of stock does not make the subscriber a member of the corporation; especially so, when such subscription is conditional.

3. A conditional subscription need not be paid before condition performed.

4. EVIDENCE—*books of a corporation.* The books of a corporation are evidence between its members, but not against strangers.

5. NOTICE—*when necessary.* When the fact, or circumstance on which performance of a contract depends, lies more particularly in the knowledge of the promisee than the promisor, the former must give to the latter notice of such fact or circumstance, before suit can be brought upon the contract.

WRIT OF ERROR to the Circuit Court of De Kalb County

The facts and points raised by counsel in this case, are stated in the opinion of the Court.

Messrs. LELAND and BLANCHARD, and R. S. DEVINE, for plaintiff in error.

Mr. CHARLES KELLUM, for defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt originally brought before a justice of the peace of De Kalb County, against the plaintiff in error, and brought by appeal into the Circuit Court of that County, and by writ of error to this Court.

The action was brought for a subscription to stock in the Railroad of defendants in error.

Three questions are presented:

1.   Was the subscription absolute or conditional?

2.   Was the plaintiff in error a member of the Company, and when did he so become a member?

3.   Was a demand necessary before suit brought?

It appears by the bill of exceptions, the defendant in error offered in evidence a certain writing, headed, " Stock Subscription List of the Sycamore and Courtland Railroad Company,'' whereby it appeared, that each subscriber agreed to take the number of shares of stock set opposite his name, and among the names is that of plaintiff in error for one-half share, being fifty dollars. This paper contains this proviso: " Provided, That no part of the amount so subscribed by us shall become due and payable at any time, unless the sum of five thousand dollars shall be raised by subscription, loan, donation or other- wise, to purchase and put upon the track of said road, a locomotive engine for doing the business of said Company, for which purpose, the money derived from the subscription, is to be specifically devoted so far as the same is necessary to that purpose. "

. Here is, evidently, a conditional understanding on the part of the plaintiff in error, that he would pay, when five thousand should be raised for the purpose of putting an engine on the track to do the business of the road. The term " raised " as here used, evidently means, to collect and bring into a sum or fund which shall be available for the intended purpose. It is used in connection with " subscription," " loan," " donation," all which imply the actual receipt of money. The meaning

of the contract then, is, if the sum of five thousand dollars shall be actually in hand, raised by subscription, loan or donation, then the subscribers will pay the amounts subscribed, respectively. This, we think, is the fair reading of the paper. A locomotive engine, fit to do business on any Railroad, could not, probably, be purchased for less than ten thousand dollars. Five thousand dollars being in hand, by loan, donation or subscription, the subscribers, by their contract, simply undertook to make up the deficiency, to the extent of their subscriptions.

It was not proved on the trial, that any money whatever was raised by subscription, loan, or donation, to purchase and put upon the track a locomotive. The only proof offered on this point, were certain entries made in a book headed, " Special Stock due October 1st."

The question is here made, as to the admission of this book in evidence against the objections of the plaintiff in error. He insists that, as it was not shown he was a member of the corporation, the corporate books were not competent evidence to establish rights against third persons. The rule is thus laid down in Angel and Ames on Corporations, 606. Thus we have seen that the books and minutes of a corporation, if there is nothing to render them suspicious, may be referred to in order to show the regularity and legality of corporate proceedings. But entries which are made in corporation books, of matters relative to any property or right claimed by them, can never be evidence for them, unless made so by act of the Legislature.

In the case of *Jackson ex dem.* v. *Walsh*, 3 Johns. 226, it was held, that the evidence of a re-entry and demise could not be proved by the entry in the books of account kept by the Trustees, they being a corporation, nor was the evidence of the Clerk who made the entries, of the declarations of the Trustees, admissible.

So in the case of *The Mayor of London* v. *Lynn*, 1 Henry Blackstone 214, in note, the court refused to permit the defendants to give in evidence their corporation books to prove their

15—38TH ILL.

own rights. The corporation counsel cited the case of *The Mayor of Hull* v. *Horner*, Cowper 102, where such evidence was admitted, when Mr. Justice WILSON, who was counsel in that case, said that the books of the corporation were admitted by consent.

Was plaintiff in error a member of the corporation, so that the corporate books could be used against him? We do not understand, that a party, by the mere act of subscribing stock, who has not paid for it, or any installment on it, who has received no certificate of stock, and who is not entitled to share in the profits of the enterprize, can be regarded as a member of the corporation, and the more especially when his subscription is conditional. *Fort Miller and Fort Edward Plank Road Company* v. *Payne*, 17 Barb. 579. By a conditional subscription, it can not be said the party subscribing owns the number of shares set opposite his name. He does not own them until he pays for them, and that he is not obliged to do before condition performed. Consequently the plaintiff in error was not a member of the corporation. The corporation books therefore were not evidence. *per se* against him. The general rule is, that corporate books are evidence between members, but not against strangers. 2 Phil. Ev. 122, and this, on the principle that a party can not make evidence for himself, and against a third party.

Upon the remaining point, if plaintiff in error was bound by his subscription, it is well settled he should have had notice that the five thousand dollars had been raised by subscription, loan or donation, before suit brought. This was a fact peculiarly within the knowledge of the defendants, and the rule is, where any thing is to be done by one party, on the performance of some acts by the other, this other must give notice of such act, unless it be one that carries notice of itself. And if the thing is to be done on the happening of an event, not to be caused by either party, he who is to have the benefit of the thing should give notice to him who is to do it, that the event has occurred, unless from its own nature, it must become

known to that party when it happens ; or perhaps, unless it is as likely to be known to the party who is to do the act required by the contract, as to him for whose benefit it is to be done. 2 Phil. Ev. 182.    Here the fact of raising five thousand dollars by the Company, by subscription, loan or donation, did not, of itself, carry notice, nor from its nature could it be known to the plaintiff in error, that the event had occurred, nor was it likely the fact would be known to a person unconnected with the enterprize.    When the fact or circumstance on which performance of a contract depends, lies more particularly in the knowledge of the promissee than the promissor, the former must give the latter notice.    Chitty on Con. 556 ; *White* v. *Walker*, 31 Ill. 437.

The rule was fully recognized by this court in the case of *Barrett* v. *Alton and Sangamon R. R.*, 13 Ill. 504, and in *Spangler* v. *Indiana & Illinois Central R. R.*, 21 ib. 277, and in the case of *Wear* v. *Jacksonville & Savannah R. R.*, 24 ib. 593.    No notice having been given to the plaintiff in error of the performance of the condition, before suit brought, this action can not be maintained.    The judgment is reversed.

*Judgment reversed.*