Okey, J.
1. The act requiring railroad companies to fence their tracts (Rev. Stats. § 3324, note; 78 Ohio L. 199 ; 3 Rev. Stats, [by Aldrich] 184, note) exempts from .its operation ways used by the public, and requires cattle-guards to be placed where such highways cross the railroad track; but the statute is otherwise general. In Railroad Co. v. Newbrander, 40 Ohio St. 15, it was held that the necessities of the public and the company and its employes may be such as to create an exception with respect to the depot grounds and yai’ds, but that in such case it is the duty of the company ‘-‘to construct and maintain cattle-guards across its roadway and grounds, at the first point from the highway which will not interfere with the necessities and convenience of the public and the company.”
No express exception as to fencing is made in the case of -private roads or ways, nor is such exception to be implied from any other statutory provision, nor does it arise, as in case of depot grounds, from necessity. The protection against injury to animals, and incidentally to human life, afforded by properly constructed cattle-guards, at points where public highways cross railroad tracks on a level, is acknowledged to be of much importance; but if private roads leading from public highways across railroad tracks may be left without the same, or an equivalent protection, the utility of such guards at public high *330 way crossings will be greatly impaired. ' To hold that such protection was not contemplated would be to violate not only the spirit, but the plain words of the statute. The company has discretion, no doubt, to determine whether such protection shall consist of gates or other structure; but, whatever the form, the protection afforded must be reasonable, and reasonable facilities to the owner of such private road must also be afforded, and moreover there must be, on the part of the company, reasonable diligence to keep such structures in repair. The whole subject has been recently considered in Indiana, where the legislation is similar, and after disapproving some of the decisions in that state, the same view here stated is enforced by the supreme court in an able opinion by Elliott, J. Indianapolis., etc. Ry. Co. v. Thomas, 84 Ind. 194.
2. There was no error in excluding the register of trains. It was not of a public or quasi public character, but made solely for the convenience and use of the corporation in managing its trains, and hence was not admissible against a stranger. The witness was not prevented from using it to refresh his memory, nor was his testimony, as to any fact within his knowledge, excluded. His evidence as to the contents of the book stood on no better ground than the book itself. The exclusion of both was proper. Pittsburgh, etc. R. Co. v. Noel, 77 Ind. 110; Chase v. Railroad Co., 38 Ill. 215; Whart. Ev. §§ 661-663.

Motion .overruled.