## JEREMIAH BAILEY *vs.* JOHN MARCH.

A tenant in a real action may, to disprove the demandant's seisin, shew a title in a third person.

THIS was a writ of entry, in which demandant counted upon his own seisin of a tract of land in Eaton, and upon a disseisin by the tenant. Teste of the writ, July 26, 1821.

The cause was tried here, upon the general issue, at September term, 1822, and a verdict taken for the tenant, subject to the opinion of the court upon the following case :

It was admitted by the parties, that one *Joseph Ham* being seized on the 6th July, 1796, conveyed the demanded premises to one *Giles Richards,* by deed. The demandant then produced the deed of *Giles Richards,* dated January 4, 1803, conveying the same premises to *Samuel Morey ;* deed of *Morey* to *John Clark,* dated June, 1809 ; a deed of *John*

Clark to *Charles Clark*, dated June, 1819; and a deed of
*Charles Clark* to the demandant, dated January 7, 1818.

The tenant then produced the deed of *Giles Richards*,
dated March 2, 1797, conveying the premises to *Samuel So-
ley* and *David Stearns*; a deed from *Samuel Soley* to *Josiah
Batchelder*, dated June 6, 1821; a deed of *Jason Sherman*,
administrator of *J. Batchelder*, under a license from the
judge of probate, to *Colman Colby*, dated August 28, 1822,
and a deed from *Colby* to the tenant, dated August 28, 1822.
The demandant objected to the admission of these deeds in
evidence, on the ground that it was incompetent for the ten-
ant to shew in this action a title acquired since the com-
mencement of the suit; but the court admitted the deeds as
competent evidence to disprove the demandant's seisin.

*I. Bartlett*, for demandant.

*Mason*, for the tenant.

RICHARDSON, C. J. It is a general rule in ejectment, that
the defendant may disprove the plaintiff's right to recover,
by shewing a title in a stranger. There are limitations and
exceptions, but the rule is well settled. *Buller's N. P.* 110.
—2 *Selwyn N. P.* 666.—1 *D. & E.* 753, *note.*—4 *D. & E.* 682.
*Douglas* 695, *Doe vs. Pott.*—3 *John.* 375, *Klock vs. Hudson.*—
4 *John.* 202, *Duncan vs. Harder.*—6 *John.* 34, *Smith vs. Stew-
art.*—8 *John.* 487, *Kimball vs. Van Slyck.*—10 *John.* 223,
*Jackson vs. Bush.*—12 *John.* 182, *Anderson vs. M'Leod.*—14
*John.* 224, *Brown vs. Ayers.*—16 *John.* 200. And it has been
settled that in a writ of entry, the tenant may plead in bar
a conveyance made by the demandant to a stranger after
the disseisin. 6 *Mass. Rep.* 418, *Wolcott vs. Knight.* And
*Parsons*, C. J. there recognizes the rule, that in a writ of
entry, evidence of a title in a third person is admissible, to
rebut the evidence of the demandant's seisin.

In the case of *Andrews vs. Hooper*,(1) it is said that a ten-
ant in a real action cannot give in evidence a title obtained
since the commencement of the suit. The first reason as-
signed is that it " would operate unequally and unjustly, by
" enabling the tenant to fortify a defective title, and avoid
" the payment of costs, for which he might otherwise be li-
" able." But this view of the subject seems not to be quite

(1) 13 Mass.
Rep. 472.

*Bailey*
*vs.*
*March.*

correct. The evidence was offered not to fortify a defective title, but to disprove the demandant's seisin ; " to shew," as the counsel expressed it, " that the demandants had no " right," and surely if they had no right, if their suit had no just foundation, there would be no injustice in subjecting them to costs. Another reason assigned for the decision seems to be, that the dictum of Lord Mansfield, in *Sullivan* (1) Doug. 102. *vs. Montague* (1) that " *actio non* goes in every case to the " time of pleading, not to the commencement of the action, " has been overruled ;" from which it seems, from the report, it was inferred that a defendant cannot avail himself of matter arising after the commencement of the suit as a defence. But nothing can be more destitute of foundation, than this inference. It is well settled that matter arising after the commencement of the action cannot be pleaded in bar of the action generally : but it is as well settled, that it may be pleaded in bar of the further prosecution of the action. *Sullivan vs. Montague, Douglas* 102.—1 *Chitty's Pl.* 532, 633.— 10 *John.* 182, *Bell vs. Chapman.*—14 *Mass. Rep.* 409, *Walcut vs. Spencer.*—4 *East* 502, *LeBret vs. Papillon.*—2 *Mass. Rep.* 171, *Gilmore vs. Carr.*—2 *Chitty's Pl.* 676.—*Lawes Pl. in assumpsit* 639.

The case of a set-off arising after the commencement of an action stands on its own peculiar ground. It can in no (2) 3 D. & E. shape be used as a defence. *Evans vs. Prosser.*(2) And if 186. it were a settled rule of law that a defendant could in no case avail himself of matter arising after the commencement of a suit as a defence, still it would be difficult to conceive how a tenant in a real action could be precluded by that rule from disproving the demandant's seisin, by shewing a title in a third person.

In the present case, the demandant offered no evidence of his seisin, but a certain deed of *Giles Richards*, made in 1803 and other deeds conveying to himself what passed by that deed ; and we are of opinion that the tenant by shewing a conveyance by *Richards* of all his interest in the land in the year 1797, to persons under whom the tenant claims, has disproved the demandant's title, and is entitled to

*Judgment on the verdict.*