## A. WALKER *versus* LUCINDA WILSON.

In a writ of entry the tenant pleaded non-tenure, to which the demandant replied an entry claiming a freehold, upon which issue was joined. The demandant showed that he went to the land and requested the tenant, who resided on the land in the family of J. R., to surrender the possession, to which she replied that she had no possession to surrender, but she remained upon the land ; it was held that this evidence was sufficient to maintain the issue on the part of the demandant.

THIS was a writ of entry, in which the demandant counted upon his own seizin of land in Hanover, and upon a disseizin by the tenant.

The tenant pleaded nontenure, to which the demandant replied an entry claiming a freehold, upon which issue was joined.

The cause was tried here at November term, 1826, when it appeared in evidence that the tenant resided upon the land in the family of Joseph Reynolds. On the 1st March, 1826, the demandant went to the land and requested the tenant to surrender the possession, to which she replied that she had no possession to surrender, but she continued to reside upon the land until the 18th March, 1826, when this suit was commenced. Upon this evidence a verdict was taken for the demandant, subject to the opinion of the court upon the sufficiency of

the evidence to maintain the issue on the part of the demandant.

*Bell* and *Haddock*, for the tenant.

*W. Smith* and *J. Parker*, for the demandant.

The tenant became tenant of the freehold by remaining on the land after a demand of the possession. No person has a right to remain on the land of another after being ordered to remove. 10 Mass. Rep. 408, *Commonwealth* v. *Dudley ;* Stearns, 75–77. Persons entering by right become liable if they remain after demand of possession. 2 Starkie's Ev. 521 ; 13 East Rep. 210, *Right* v. *Beard.*

RICHARDSON, C. J. delivered the opinion of the court.

In order to maintain his writ in this case, it was necessary that the demandant should show a disseizin by the tenant, and the question is whether the evidence adduced by the demandant was sufficient in law for this purpose.

A distinction has been made in the books between an actual disseizin and a disseizin by election. But in the present case it is unnecessary to advert to this distinction, because if the tenant in this case has done any act, which, although not amounting to an actual disseizin, may at the election of the demandant be considered as an ouster, this is sufficient to maintain the writ.

Littleton, section 279, says " that disseizin is properly where a man entereth into any lands or tenements where his entry is not congeable and ousteth him that hath the freehold." And Coke, in his comment on this passage in Littleton says, " Every entry is no disseizin, unless there be an ouster also of the freehold. And therefore Littleton doth not set down an entry only, but an ouster also as an entry and a claimer, or taking of profits, &c. Coke on Littleton, 181, *a.*

Every disseizin is a trespass, but every trespass is not a disseizin. For if one enter into another's land not intending to usurp the possession and to oust the owner,

this is not a disseizin, but a trespass. Coke on Littleton, 153, *b.*

Coke, in one of the passages we have cited, in order to explain the nature of a disseizin puts an entry claiming the land and an entry and taking of the profits as examples. And in another place he says, " if a man entereth into land of his own wrong and take the profits, his words to hold it at the will of the owner cannot qualify his wrong, but he is a disseizor." Coke on Littleton, 271, *a.* It is however said that this must be understood when there is no particular estate in the land. For if there be a term in issue and one enters claiming the term, he shall not be a disseizor. Coke on Littleton, 271, *a.* note 229. Thus it seems, that in settling the question what amounts to a disseizin the law looks rather to the acts than to the declarations of the party ; but both are to be taken into consideration.

An entry into land under a deed duly acknowledged and recorded, has been held to be an actual disseizin. 5 Mass. Rep. 352, *Higbee* v. *Rice.*

If a tenant for years make a feoffment in fee it is a disseizin. Coke Litt. 330, *b.* ; 1 Johns. cases, 37.

If a tenant in common drive out of the land the cattle of his co-tenant, or refuse to suffer him to enter and occupy the land it is a disseizin. Coke Litt. 199, *b.*

So if one tenant in common take all the profits and refuse his co-tenant his share, denying his title, it is a disseizin. Cowper, 217, *Doe* v. *Prosser* ; 1 Greenl. 89, *Brackett* v. *Norcross.*

In the case of *Doe* v. *Stradling*, 2 Starkie's N. P. C. 187, Bayley J. held that the plaintiff was entitled to recover in ejectment, although it appeared that the defendant, who was in possession, was the mere servant of another by whose permission he entered into possession.

If a tenant at will make a lease for years, and the lessee enter and pay rent to the lessor, both are disseizors. Cro. Car. 304.

Walker
*v.*
Wilson.

If a man go to a house that is locked up and take the door in his hand and claim it in fee, it will be a disseizin of the house without entry. Com. Dig. " seizin" F, 1.

Littleton, section 278 says, " if two or three, &c. disseize another of any lands or tenements to their own use, then the disseizors are joint tenants. But if they disseize another to the use of one of them, then they are not joint tenants, but he to whose use the disseizin is made is sole tenant, and the others have nothing in the tenancy but are called coadjutors to the disseizin." And Coke, in his comment on this section, says it is worthy of the observation that " seeing coadjutors, counsellors, commanders, &c. are all disseizors, albeit the disseizor which is tenant dieth, yet the assize lieth against the coadjutor, counsellor, commander, &c.

Many other authorities are to be found in the books, which go to show what acts are, and what are not disseizins. Com. Dig. " seizin" F 1, 2 & 3 ; 1 Rolle's Ab. 658–664 ; 1 Burr. 105–126.

But it is unnecessary to pursue this subject farther in this case, because it is clear that whoever being upon the land of another calls in question the rights of the owner, and usurps a dominion over the estate, whether this be done by words or by acts, is a disseizor.

In this case the demandant entered upon the land and requested the tenant to deliver him possession. This must be considered as in effect a request to quit the premises. She neglected to do this, but still continued upon the land. Although he might have been before actually disseized by the person with whom she resided, when he entered, he became reseized, and her neglect to quit the premises at his request was a clear usurpation of his dominion over his property and in law a disseizin. We are therefore of opinion that the evidence was sufficient to maintain the writ.

*Judgment for the demandant.*