## B. M. BEAN *versus* J. S. MOULTON, and D. his wife.

A, being seized of a tract of land, died ; after this, B, having the title of A's heirs at law, brought a writ of entry against C, to recover the land. Pending this action, the administrator of A's estate sold the land to a stranger, by virtue of a licence from the judge of probate—it was held that the demandant was entitled to recover, notwithstanding the sale by the administrator.

THIS was a writ of entry brought to recover a tract of land in Moultonborough. The writ was tested the 19th January, 1829. As to sixty-four acres, parcel of the demanded premises, the tenants pleaded the general issue, and as to the residue, they pleaded a disclaimer.

The cause was tried at January term, 1831, and a verdict taken by consent for the demandant, subject to the opinion of the court upon the following case.

Andrew Rollins and Hiram Rollins, being seized of the demanded premises, on 12th July, 1816, conveyed the

same to B. M. Bean, the demandant, J. S. Moulton, the tenant, and one William Carroll.

On the 13th July, 1816, the said Bean, Moulton and Carroll made partition of the land, thus conveyed to them, and that part to which the plea of disclaimer applies, was assigned to the demandant, and the residue to Moulton and Carroll.

In January, 1817, William Carroll died at Pittsfield, in this state, leaving his father, John Carroll, his heir at law.

On the 2d January, 1819, the said Jonathan S. Moulton conveyed to the said John Carroll, all his right in the demanded premises, and the demandant now has all the estate of the said John Carroll in the same premises.

It also appeared that the administrator of the estate of the said William Carroll, having obtained licence from the judge of probate, to sell the real estate of his intestate, for the payment of debts, duly advertised and sold at auction, all the right and title which the said William had in the demanded premises, and on the 18th January, 1831, in pursuance of the sale, conveyed the same right and title of the deceased, by deed, to John S. Durell.

*Emerson, Bean, Mason,* and *Bartlett,* for the demandant.
*Christie,* and *Sullivan,* for the tenants.

*By the Court.* The only question in this case is, whether the tenants, by showing a sale of the interest of William Carroll in the demanded premises, by his administrator, to a stranger, have disproved the seizin of the demandant, with respect to that interest?

Nothing can be clearer than that the evidence introduced to show a sale of William Carroll's interest in the land by his administrator, had no tendency to disprove the seizin of this demandant, so as to defeat a recovery of that interest in this action.

The title of William Carroll immediately upon his decease, vested in his heir and remained in his heir, and

those claiming under him, until divested by the sale made by the administrator since the commencement of this action. 5 Mass. Rep. 240, *Willard* v. *Nason* ; 4 N. H. Rep. 209 ; 16 Mass. Rep. 280, *Gibson* v. *Farley ;* Stearns on Real Actions, 195.

When an estate is administered in the insolvent course, the administrator has a right to enter upon the real estate, and take the profits, before the land is sold. This right is given by statute. 1 Laws, 370. But in this case, it does not appear that the estate was so administered, or that the administrator ever entered.

The demandant, then, remained lawfully seized until after the commencement of this action, and as the tenants entered without right, in violation of his rights, it is clearly no answer to this action, that the title of the demandant has since been defeated. Jackson on Real Actions, 157 ; 2 N. H. Rep. 522 ; 3 ditto, 274 ; 5 ditto, 156.