## John Webster *versus* Richard Ela, administrator.

It is not necessary, that the parties to a written contract should be expressly named. But if there is nothing in the instrument itself, nor in the nature of the transaction, which shows who are the parties, the contract is void for uncertainty.

Assumpsit. An auditor had been appointed to state the accounts between the parties, who made a report subject to the opinion of the court upon the following question.

The plaintiff, to support a part of his claim against the defendant, called Josiah Little, who, being interrogated by the defendant, stated, that the demands described in the declaration had been assigned to his father, as collateral security for a debt due from the plaintiff to the father, who resided in Massachusetts, and had since deceased; and that the witness was the administrator of his father's estate in Massachusetts, and one of his heirs at law. But the witness produced a release in the following form.

"Know all men by these presents, that I, Josiah Little, do by these presents release and discharge all claims which I may have as heir at law of my father's, Josiah Little's, estate, to any sum or sums, which may be recovered in the action, John Webster v. Richard Ela," &c.

And the question was, whether the said Josiah Little was a competent witness for the plaintiff?

*Bell*, for the plaintiff.

*Ela*, pro se.

*By the Court.* It is evident, that this suit is prosecuted for the benefit of the estate of Josiah Little, deceased. We think this must be presumed, because if it were not so, the interest of the witness might have been easily removed, by returning to the plaintiff the demands which had been lodged with the intestate as security. The

witness had th en a direct interest in the event of the suit. 7 Cowen, 64, *Campbell* v. *Tousey.*

Is that interest extinguished by the release?

It does not appear on the face of the release, in whose favor it was intended to operate. It is not, however, necessary that the parties to a contract should be expressly named. It is enough if they appear from the nature of the transaction. 4 B. & C. 235, *Green* v. *Davies*; 2 Strange, 706, *Chadwick* v. *Allen*; 13 Mass. Rep. 158, *Brown* v. *Gilman*; D. & R. N. P. C. 8, *Childers* v. *Boulnois.*

But in this case, to whom could a release of the interest of the witness be made? He is the administrator, has the demands in his own hands, and will receive the money when recovered. If some other person had been administrator, a release might have been made to such person. 9 Johns. 123, *Woods* v. *Williams*; and as in that case the only claim which the witness could ever have to the money recovered in this case would have been against such administrator, perhaps this release might have been considered as a release to such administrator.

But in whose favour is this release to be considered as made? In favor of the witness himself as administrator, in favour of his coheirs, or in favor of Webster the plaintiff? We are unable to find any thing in the instrument itself, or in the nature of the transaction, which shows in whose favour the release was intended to operate, and are of opinion that it is void for this uncertainty. The witness was not a competent witness.