# SULLIVAN,

---

## SMITH vs. EDMINSTER.

If the mortgager be in possession at the time the mortgage is executed, the mortgagee may maintain a writ of entry against any one who subsequently enters, unless he can show a better title in himself. It is no defence that the tenant entered under one who has a better title than the mortgagee.

WRIT OF ENTRY, to recover a tract of land in Cornish, called the glebe lot. Plea, *nul disseizin*.

The plaintiff claimed title under a mortgage from James H. Bingham, to himself, dated November 11, 1837.

It appeared, from the evidence offered by the parties, that by the charter of Cornish, which was granted June 21, 1763, one share was reserved for the glebe, for the church of England, as by law established; and on the third day of October, 1770, lot No. 15, being the land in question, was located as the glebe lot.

Copies of the church records in Cornish were introduced, to show that on the 16th day of December, 1793, certain persons, professing the doctrines of the church of England, entered into an association for the purposes of public worship, under the ministry of the Rev. John C. Ogden, who on the same day signed the records, designating himself Rector of Trinity Church.

And it appeared that on the 6th of March, 1793, said Ogden leased one half of the demanded premises to David Dodge and one half to John Vinton, for the term of twenty years, reserving rent. Receipts for the rent were indorsed on the leases up to March, 1802.

Trinity Church in Cornish was incorporated December 23, 1795.

On the 11th of April, 1803, it was voted that the wardens build a church; and to enable them so to do, it was voted that they should lease the glebe lot in the possession of Zebedee Edminster.

On the 26th of December, 1803, the Wardens of Trinity Church, and Commissioners of the Convention of the Protestant Episcopal Church in New-Hampshire, leased the south half of the demanded premises to John Edminster, so long as wood grows and water runs, for a nominal rent; and on the same day they leased the north half of the lot to Zebedee Edminster, upon the same terms.

John Edminster, September 22d, 1807, in consideration of $700, released all his right to John Plastridge; who, February 17, 1816, released to Zebedee Edminster.

On the 8th of April, 1820, Zebedee Edminster conveyed the whole lot to Zebedee Edminster, Jr., in fee, with warranty, and took back a mortgage, with a condition for his maintenance during life; and on the 9th of January, 1823, he released to Z. Edminster, Jr., the south half of the lot.

Z. Edminster, Jr., mortgaged the premises, in fee, to Jas. H. Bingham, September 18th, 1830, to secure a note of $1000, and on the 18th of November following he quitclaimed his right, at which time the note was given up and cancelled.

On the 1st of April, 1831, Bingham leased the premises to Z. Edminster, Jr., for one year, or so long as the parties could agree, and Z. Edminster, Jr., continued in possession and carried on the farm until the 4th of March, 1841. Z. Edminster, senior, remained upon the premises until his death, in 1837 or 1838.

Bingham mortgaged to the plaintiff, November 11, 1837.

In April or May, 1840, Henry S. Smith, then Rector of Trinity Church, went to the house of Z. Edminster, Jr., and demanded possession of the premises; and on the 24th of

March, 1841, he leased the premises to Philip H. Edminster, the defendant.

The defendant contended that the leases made in 1803 were not binding upon the church,—that the church as a society was not competent to make such leases, and could not confer any power to make them,—that the leases being perpetual, for a nominal rent only, amounted to an alienation, which neither the church nor the rector was authorized to make,—that the grant was for the benefit of the church, giving the right of possession to the rector, to take the rents and profits for his support in the ministry,—and that the fee was in the rector, who could avoid any lease not made in pursuance of his rights.

A verdict was taken for the plaintiff, subject to the opinion of this court upon the foregoing case.

*H. Hubbard, Jr.*, for the plaintiff.

*Prentiss, Freeman, & Leland*, for the defendant.

PARKER, C. J. It is apparent, from the facts stated, that the defendant is not entitled to raise some of the questions which have been suggested in this case.

The case finds that Zebedee Edminster, (being in possession of the premises under what purported to be perpetual leases, at a nominal rent) on the 8th of April, 1820, conveyed in fee to Z. Edminster, Jr.; and that the latter conveyed to James H. Bingham, in the year 1830, holding as his tenant for several years afterwards.

The demandant makes title under a mortgage from Bingham.

Whether the leases in 1803 were valid or invalid, and whether the conveyance of the fee, by Zebedee Edminster, in 1820, was rightful, or is to be regarded as a disseizin, the plaintiff, who derives his title under that conveyance, from a party in possession, is entitled to maintain the possession of his grantor, against any one who cannot show a better title.

The defendant's plea admits him to be in possession, claiming a freehold ; but he shows no title, or color of title, to the freehold, in himself.  He has entered upon the possession of the plaintiff's grantor, or that of the plaintiff himself as mortgagee, under a lease for a term of years from the rector of Trinity Church in Cornish ; and he attempts to set up a title in the rector, in order to defeat the plaintiff's action.  But it is well settled that the tenant in a real action cannot, under the general issue, set up a title in a third person, in bar of the action, except for the purpose of rebutting the demandant's seizin, and thereby showing that the plaintiff has had neither possession, nor right of possession, (2 *N. H. Rep.* 522, *Bailey* vs. *March*); and the defendant is precluded from asserting the title of the church, or of the rector, in this case, because it appears that those under whom the demandant claims, have for a long period had actual possession of the premises.  3 *N. H. Rep.* 275, *S. C.* Proof of title in a third person, therefore, has no tendency to rebut the seizin of the demandant.

The actual possession of those under whom the demandant claims continued until the defendant, without any title, saw fit to enter into the premises, under a belief, probably, that although he had no title himself, the party under whom he took his lease had a better title than that of the plaintiff. But under these circumstances the plaintiff, in a real action founded upon his mortgage, is not bound to try the validity of the title of his grantor with the defendant.  It is sufficient, upon this issue, that the defendant, without any title, has entered upon the legal seizin of the plaintiff, derived from the actual seizin of his mortgager.

There are cases in which a tenant for years may, in a real action against him, plead a special non tenure, and defeat the writ, on the ground that the plaintiff, who seeks to recover the freehold, is bound to bring his action against one who can render it to him.  2 *N. H. Rep.* 10, *Mills* vs. *Pierce ;* 8 *N. H. Rep.* 477, *Sperry* vs. *Sperry ;* 9 *N. H. Rep.* 174,

*Gibson* vs. *Bailey;* 12 *Mass. R.* 373, *Dunbar* vs. *Mitchell;* 5 *Pick. R.* 238, *Dewey* vs. *Brown;* *Stearns on Real Actions* 202, 207, 234, 260; *Jackson R. A.* 91, 95. But it appears that the defendant could not, in this case, have availed himself of that plea.

Had the plaintiff claimed title by an absolute conveyance from Bingham, it might well be doubted whether the defendant, who entered after the conveyance to the plaintiff, could have been permitted to qualify his entry, by alleging that he claimed only a term for years, and was not therefore tenant of the freehold. *Jackson R. A.* 97; 4 *N. H. Rep.* 217, *Walker* vs. *Wilson;* 8 *N. H. Rep.* 57, *Towle* vs. *Ayer.*

But the plaintiff derives title by a mortgage, and it is well settled, in Massachusetts, that any person in possession is liable to the action of the mortgagee, unless he can show a better right in himself. 11 *Mass. R.* 216, *Keith* vs. *Swan;* 17 *Pick. R.* 121, *Hunt* vs. *Hunt;* 22 *Pick.* 74, *Shelton* vs. *Atkins.* We see no reason why this principle is not equally applicable here under our statutes, if the mortgager was in possession when the mortgage was executed.

The defendant must yield the possession of the premises, to which he has no title, and the rector of Trinity Church may then assert his title, in an action to recover the land, if he has confidence that the acts of those representing the church in 1803 were authorized,—that the fee is legally in him as rector,—and that the plaintiff has not, through an adverse possession in those under whom he claims, evidence of a right of possession which cannot be successfully controverted.

*Judgment for the plaintiff as of mortgage.*