## HATCH *v.* PARTRIDGE.

Real estate was devised to L., A. & I., on condition L. & A. take I., and carry on his part, and see that he has his support out of it during his life. A. conveyed to L., and L. conveyed the whole property to the defendant without any exception of I.'s title, and the defendant thereupon entered and occupied the whole from 1837 to 1847. Neither L., A. nor the defendant did anything to support I. The defendant, in 1846, brought an action against L., on the covenants in his deed assigning as the breach, I.'s title to one third, and recovered one third the consideration paid and interest; and in 1847 one third of the property was set off to I. in severalty, by decree of the Probate Court, on due notice, and no appeal was taken; and I., by his guardian, then entered and has since had possession, and this action is trespass for the mesne profits from 1837.—*Held,*

1. Nothing passed by L.'s deed but his own and A.'s share, because:

2. The proviso in the deed was not a condition, but a conditional limitation, by which L. and A.'s right of possession ceased on their failure to support I., without entry or claim.

3. The defendant, by his action upon the covenants in his deed, had repudiated any interest in I.'s third, and was barred to claim any interest in that third.

4. That by the partition and assignment to I. of one third in fee, not appealed from by L., A., or the defendant, I. took an unencumbered fee, and the rights of L. and A., if they had any under the devise, were extinguished.

5. If the defendant entered under a deed of the whole, claiming the whole, and denying the right of I., it was a disseizin of him, and he could, after entry, maintain trespass for the mesne profits.

TRESPASS, for breaking and entering, on the first of January, 1837, the plaintiff's close, in Stratford, in this county, being one

third of the Noah Hatch farm, containing 305 acres, and from that time to October 1, 1847, keeping the plaintiff out of possession of the same, whereby he was during all that time deprived of the use thereof.

The plea is the general issue.

The parties submit this case to the opinion of the court upon the following statement of facts:

Both claim title under the will of Noah Hatch, dated January 16, 1826, by which he devised to his three sons, Leonard, Alpha, and Ira, the premises in question, on condition that Leonard and Alpha take Ira and carry on his part of said farm, and see that he has his support out of it during his natural life. Noah Hatch died seized of the estate, and his will was proved April 5, 1826.

On the 19th of January, 1834, Alpha Hatch conveyed all his share of the land to Leonard; and on the 6th of February, 1837, Leonard conveyed to Stephen Partridge, one of the defendants, the said farm, under which conveyance the said Stephen immediately entered and has ever since occupied the same, until September, 1847, when a committee, appointed by the judge of probate for the county of Coös, set off to Ira his share of said lands. The petition to the judge was dated July 6, 1847, and was signed by Seth Eames, as guardian to Ira Hatch. By a certificate of the same date on the petition, Leonard and Asa Hatch, Stephen and George Partridge, and John M. Lucas, acknowledged notice of the petition, and joined with the guardian of Ira Hatch, and an agent appointed by the judge to represent his interest, in recommending three persons as a committee to make the partition. The persons thus recommended were duly appointed the committee; they were sworn, and gave notice to all interested of the time and place by them appointed to hear the parties and make the division; and accordingly set off and assigned to said Ira Hatch, by metes and bounds, his share of said estate. The defendants were present and verbally assented to the division, and said Ira's guardian has ever since held possession of the part set off.

Said George Partridge has occupied only under the title of Stephen.

A short time before the November term of this court, 1846, Stephen Partridge brought his action against Leonard Hatch for breach of the covenants of seizin, of good right to convey, and for quiet enjoyment contained in his deed, and at that term obtained a verdict for one third of the consideration paid, and interest. The breach proved was the title of said Ira, as before stated; and judgment was rendered upon the verdict upon consideration by the Superior Court.

The said Ira was never supported by said Leonard, or Alpha, or either of them; but, after the death of the testator, was supported by others, till a guardian was appointed, since which his support has been provided by the guardian.

It was agreed that judgment should be rendered for the plaintiff, or the defendant, as the court should direct; the damages, if judgment should be for the plaintiff, to be assessed by the jury.

*Burns & Fletcher*, for the plaintiff.

The action is trespass *qu. cl. fr.* The case finds that Stephen Partridge brought an action against Leonard Hatch, for a breach of the covenants of his deed to Partridge, and that Partridge recovered against Hatch one third part of the purchase money, and interest. This recovery was on the ground that Ira Hatch, this plaintiff, was the owner of one third of the premises, as devisee under the will of Noah Hatch.

The only question that arises in this case then is, whether the plaintiff can sustain the action. The law goes upon the principle that for every wrong there is a remedy. The defendants, by getting possession of the premises and holding the whole under the deed from Leonard Hatch, were disseizors as to this plaintiff. *Birch* v. *Wright*, 1 D. & E. 378 ; 5 N. H. 529 ; *Towle* v. *Ayer*, 8 N. H. 60.

It was a tortious entry and occupancy as to this plaintiff. The defendants have occupied the land, and had the use and profits

Hatch v. Partridge.

of the same, and have sued on the covenants of the deed, and recovered the purchase money and interest.

In the Supreme Court of the United States the law on this point is laid down in conformity to the text of Bracton: " At common law, whoever takes and holds possession of lands to which another has a better title, whether he be a *bonâ fide* or a *malâ fide* possessor, is liable to the true owner for all the rents and profits which he has received."    *Green* v. *Biddle*, 8 Wheat. 75–80.

The plaintiff would be remediless, except in this form of action. It would be a reproach to the law if it furnished no remedy to recover such mesne profits.    The occupancy was not by agreement or contract of the plaintiff, and assumpsit will not lie.    *Cavis* v. *McClary*, 5 N. H. 529 ; 9 Vt. 34.    Assumpsit will not lie to recover mesne profits.    *Walker* v. *Prescott*, 6 N. H. 98.

On the death of the father the plaintiff became seized by virtue of the devise.    *Winkley* v. *Hill*, 6 N. H. 391.    By the entry of the defendants under the deed, the plaintiff was disseized.    A deed of conveyance without title, and an actual entry under such deed by the grantee, is a disseizin of the owner.    Stearns on Real Actions 12 ; *Warren* v. *Child*, 11 Mass. 225 ; 5 Greenl. 182 ; 2 Greenl. 275.

So if the deed was made by a person not in possession, if the grantee entered and pretended to claim by the force of it.    *Higbee* v. *Rice*, 5 Mass. 325.

Actual possession without title, or constructive possession with it, is sufficient to maintain trespass *qu. cl.*    *Chandler* v. *Walker*, 1 Foster 287.

Again : it may be said that a disseizee, until he has reëntered, cannot maintain trespass for an act done after the disseizin. Com. Dig., Tres., B, 2 ; B, 3 ; *Taylor* v. *Townsend*, 8 Mass. 415.    Comyn says, if a disseizee reënters, he shall afterwards have trespass against the disseizor, with a continuance for the whole time of the possession.    Com. Dig., B, 2 ; or against a stranger for a trespass done during the disseizin ; for by reëntering he revests the possession in himself *ab initio.*    *Ibid.*    But

by the law of this State, in order to maintain trespass an actual entry is not necessary, and an heir, or devisee, or lessee may maintain trespass before entry. *Winkley* v. *Hill*, 6 N. H. 391.

When there is a recovery in a writ of entry, it is not necessary to show a writ of seizin executed, nor any entry, after judgment. 6 N. H. 392. If the plaintiff has been permitted to go into possession by the defendant, without executing a writ of possession, a copy of the judgment and evidence of possession under it will be sufficient. Stearns on Real Actions; *Calvert* v. *Horsfall*, 4 Esp. Ca. 167. It is not necessary that the plaintiff should regain the possession by action against the defendant, to enable him to sustain this action. Judgment in a writ of entry against the defendants would be evidence for the plaintiff, but any other evidence showing that the defendants have yielded to the plaintiff's right, is equally so. In this case the defendant sued his grantor and recovered, on the ground that this plaintiff had the title, and that the grantor had none, and therefore conveyed none to the defendants.

The plaintiff's share in the premises was set off and assigned by a committee appointed by the Probate Court, before the commencement of this suit.

As soon as the plaintiff has regained possession by reëntry or action, he can sustain trespass for the whole injury, for the law now supposes him, by a kind of fiction, to have had possession from the commencement of the unlawful disseizin. Stearns 362. By the act of regaining possession the disseizee is changed to a trespasser. *Cox* v. *Callender*, 9 Mass. 553. This relates back to the time of the disseizin, so as to give the plaintiff, in contemplation of law, constructive possession during the time the actual possession was withheld by the defendants.

It is admitted that one tenant in common can never be disseized but by actual ouster. *Reading* v. *Rawsterne*, 2 Ld. R. 829.

Leonard Hatch and Ira were tenants in common till Leonard conveyed to Stephen Partridge. Ira Hatch and Stephen Partridge were not co-tenants at any time, but were strangers. *Bigelow* v. *Jones*, 10 Pick. 164.

Hatch v. Partridge.

When Leonard Hatch conveyed to Stephen Partridge the whole, and he went into possession, it was an ouster, or disseizin of Ira Hatch. *Bigelow* v. *Jones*, 10 Pick. 164; *Reading* v. *Rawsterne*, 2 Ld. R. 829; *Kittridge* v. *Locks and Canals*, 17 Pick. 264. After seizin and possession were regained, an action of trespass lies. *Bigelow* v. *Jones*, 10 Pick. 164. Assumpsit would not lie for use and occupation, for there was no contract or privity of contract between them. *Allen* v. *Thayer*, 17 Mass. 299; *Codman* v. *Jenkins*, 14 Mass. 96; *Walker* v. *Prescott*, 6 N. H. 98.

*H. A. Bellows*, for the defendant.

The case between these parties, reported 8 Foster 83, decides that Alpha and Leonard, and their grantee, Partridge, had the right to the possession of the whole farm, subject to the condition named in the will, and that the action could not be maintained on the facts there appearing. The facts added do not affect the result. That neither Leonard, nor Alpha, nor the defendant supported Ira, is immaterial. It does not appear that they were requested to do so, and it is to be presumed that the support was waived by Ira.

Again: the whole land was charged with Ira's support. *Sands* v. *Champlin*, 1 Story C. C. R. 376; 2 Jarm. Wills 363, n. 1; *Pickering* v. *Pickering*, 6 N. H. 120; *Veazey* v. *Whitehouse*, 10 N. H. 409. And until there was a refusal to furnish the support on request, the possession continued to be rightful. In case of the refusal, the remedy would be by a bill in equity or an action of assumpsit. *Veazey* v. *Whitehouse*, 10 N. H. 409.

But trespass would not lie. The parties would be tenants in common. 1 Chitt. Plead. 179; *Arbit* v. *Porter*, 8 B. & C. 257. Nor does partition avail the plaintiff. That was made September 10, 1847, and the case finds that the plaintiff has ever since held the part assigned to him, and the suit is for holding out the plaintiff from January 1, 1837, to October 1, 1847.

BELL, J. This case has been once considered by the Superior Court, and it was then held that " by the will the devisees were made tenants in common. The devise to Leonard and Alpha was on condition that they should take Ira, and carry on his share, and see that he had his support out of it during his natural life. They had the right to the possession of it during his life. They were bound only to furnish him a support. They could not convey his interest, but only their own. Leonard Hatch undertook to convey the fee [of the whole,] to one third of which he had no title, and a recovery was rightfully had against him by Stephen Partridge for the breach of his covenants. Having by the will an interest in Ira's share during his life, and a right to the possession and profits of it, they could convey that interest, subject to whatever charge upon it was created by the will." 8 Foster 83.

It did not appear in that case that the brothers had not performed the condition prescribed by the will, and the case was sent to a new trial on that ground. It now appears that the condition was never performed, and that Stephen Partridge has recovered in his action, for the breach of the covenants in Leonard's deed, one third of the consideration paid, and the interest.

It may be convenient to consider:

1. The effect of Partridge's recovery against Leonard upon his title to Ira's shares, for life or otherwise.

2. The effect of the partition in the Probate Court upon any claim of Partridge to Ira's share.

3. The effect of Partridge's entry under his deed from Leonard, to make him a trespasser as to Ira.

4. From what time Partridge is responsible for the mesne profits.

I. The rule of the Revised Statutes, (ch. 129, sec. 6,) C. S. 288, is that " a conveyance made by any person having a limited interest in any estate, purporting to convey a greater interest than he possessed or could lawfully convey, shall not work a forfeiture thereof, but shall pass to the grantee all the estate which he could lawfully convey." Under this rule Partridge might

have claimed and held the share of Ira for his life, subject to the burden of carrying it on and furnishing him a support, unless the condition should be deemed personal to the devisees, and such as they alone could perform. See *Flanders* v. *Lamphear*, 9 N. H. 201. By bringing his action against Leonard on his covenants, and claiming to recover the whole consideration paid for the share of Ira, he has refused to take the limited and incumbered interest of Leonard, and has rescinded the entire contract as to that share. Having alleged by his writ that nothing passed, and that the covenant was wholly broken as to that third of the estate, he has estopped himself to claim any interest in that share, and between him and Leonard the property is revested in Leonard, and any person not himself entitled to take advantage of the estoppel as such, may yet show that by the effect of the estoppel, as between the parties to it, Partridge has not now, and has never had, any interest in the estate which Leonard and Alpha had by the will in Ira's share.

II. By the decree of the Probate Court setting off to Ira the tract of land now in question, of which proceeding it is admitted that Partridge had sufficient notice, and from which no appeal was taken, Partridge was forever barred from claiming any interest in the land thus set off to Ira. It was an express assignment to him of the entire fee. And it was equally conclusive upon any claim of Leonard, the brother, who was personally notified of the claim, to have set off one unencumbered third in fee, and who set up no claim, made no objection, and took no appeal.

By the effect of these proceedings these several parties are barred from claiming the interest given by the will to Leonard and Alpha in Ira's share; and we may, therefore, regard that interest as extinguished.

III. Partridge entered under a deed of the whole, and claiming the whole; but the deed, as he is now bound to admit, conveyed no interest, right or title whatever in the share of Ira.

The general rule is, that one tenant in common can not maintain trespass against his cotenant for entering and occupying the whole; because he has a right to enter upon and occupy every

part, and because the law regards him as entering and occupying for the benefit of his cotenants as well as himself, and as in truth a bailiff for his cotenant. Under our law this rule is not necessarily productive of any wrong to the cotenant who is excluded, because it is provided by the Revised Statutes, ch. 180, sec. 6, Comp. Stat. 459, sec. 7, that " if any cotenant of any real estate shall hold the exclusive possession and income thereof, against the will and without the consent of his cotenant, the cotenant so excluded may, in an action of assumpsit, recover of the person holding such possession the full amount of all damages he may have sustained thereby."

It then becomes a question whether the position of this case is such as to make it an exception to the general rule, that a tenant in common can not maintain trespass against his cotenant. Upon this point we are referred to the cases in Massachusetts of *Bigelow* v. *Jones*, 10 Pick. 164, and *Kittridge* v. *Locks and Canals*, 17 Pick. 264. In the former it was held, that where a party enters upon land of tenants in common, under a deed of one of the cotenants purporting to convey the whole, and claiming, not as a tenant in common but as owner of the whole, he is to be deemed a stranger, and his acts amount to a disseizin of the other cotenant. In the latter it was held that where one tenant in common of land conveys the whole estate in fee, with covenants of seizin and warranty, and the grantee enters and holds exclusive possession thereof, such entry and possession are a disseizin of the cotenant.

No direct authorities are cited for these decisions in the case of tenants in common. Those cited, Stearns R. A. 12; *Warren* v. *Child*, 11 Mass. 225; 5 Greenl. 182; *Proprietors* v. *Laboree*, 2 Greenl. 275, only show that an entry under a deed which conveys no title is a disseizin of the owner; still the decisions seem to have the support of good sense, inasmuch as they hold that the party who denies the tenancy in common, when he commits a wrong, shall not be permitted to assert it for the purpose of protecting himself against the consequences of his injustice. The

case of *Erwin* v. *Olmstead*, 7 Cow. 229, tends to support the same doctrine.

Admitting that the entry and occupation of Partridge was a disseizin of Ira Hatch, yet it is generally true that a disseizee cannot maintain trespass for the acts of the disseizor, while the disseizin continues, until the seizin and possession are regained by action or entry. *Bigelow* v. *Jones*, 10 Pick. 164; *Lyford's Case,* 11 Co. 51; Com. Dig., Tres. B, 2; B, 3; *Wendell* v. *Blanchard*, 2 N. H. 458. But here the possession and seizin are revested in Ira by the decree of partition and the entry of his guardian, and the action may well lie, upon the principles of the decisions in Massachusetts, before cited.

Besides, it is not necessary here, in order to maintain trespass, that the plaintiff should show an actual entry. If he shows a title in himself, an entry, where necessary at common law, will be presumed in trespass, as it is in all real actions. *Winkley* v. *Hill*, 6 N. H. 391; *Proprietors* v. *McIntire*, 6 N. H. 527; *Chandler* v. *Foster*, 1 Foster 287; *Warren* v. *Cochran*, 10 Foster 379. No exception is admitted, that we are aware of, even in the case of an actual disseizin. 10 Foster 379.

This action is of the nature of trespass for mesne profits; 6 N. H. 392; which may be maintained by one tenant in common who has recovered in ejectment against his cotenant. *Goodtitle* v. *Combs*, 3 Wils. 118; *Cutting* v. *Derby*, Black. 1077; Ad. Eject. 382.

It is not necessary at common law to show a writ of possession executed. It will be sufficient if the party has entered under his judgment. *Jackson* v. *Combs*, 7 Cowen 36; *Calvart* v. *Horsefall*, 4 Esp. 167; *Thorp* v. *Fry*, B. N. P. 87; 2 Selw. N. P. 673, note; and an entry under a judgment, or decree of partition of a competent court, must be as effectual as a judgment in ejectment; 6 N. H. 391; if any entry should be required here to support this action.

After a reëntry the law supposes the freehold and possession to have all along continued in the disseizee, and he may maintain trespass for the intermediate damages. *Ib.;* B. N. P. 88; Bac.

Hatch *v.* Partridge.

Ab. 554 : 20 Vin. 465 ; *Holcomb* v. *Rawlins,* Cro. El. 540 ; *Lyford's Case,* 11 Co. 11.

The trespass is alleged to have continued from January 1, 1837, to October 1, 1847, and the entry by the guardian was about the close of this period ; and this renders it material to enquire at what time the plaintiff's title to the actual possession, without regard to the brother's possessory right, took effect. This depends on the nature of the provision by which their interest is terminated. In form and terms it is a condition. A condition requires an entry to divest the estate of the tenant, and as to this point the entry of the guardian would have no retrospective effect.

But notwithstanding its form, it is not a condition. The benefit of a condition must be reserved to the grantor and his heirs, and not to a stranger. Litt., sec. 347 ; 2 Cruise Dig. 39. Whatever Ira takes under the will, he takes as purchaser and not as heir, and he is therefore a stranger. It has, however, been long settled that where in a devise a condition is annexed to a preceding estate, and upon the breach or non-performance thereof the estate is devised over to another, the condition shall operate as a limitation, and upon the breach or performance of it, as the case may be, the first estate shall *ipso facto* determine and expire without entry or claim ; the limitation over shall thereupon actually commence in possession, and the person claiming under it shall have an immediate right to the estate. 2 Black. Com. 155 ; 2 Cruise Dig. 281 ; 4 Kent Com. 127 ; Com. Dig., Condition, T.

Such was the effect of the will in this case. The estate of Leonard and Alpha was subject to a conditional limitation, to continue so long as they should carry it on and see that Ira had his support out of it. With this provision they never began to comply, and their interest at once ceased, so that when they conveyed to Partridge they had no interest in Ira's part, and the rights to the property then stood precisely as they would have done if the devise of Ira's part to his brothers to carry on

had never been made, and Ira may recover in this case as if he had been tenant in fee simply.

Agreeably to the provisions of the case the question of damages must be submitted to a jury.