MARCH 12,
1875.          FIFIELD *v.* BAILEY.

Where it appeared that the grantee of a disseizor was maintaining, on the
land of which he was wrongfully seized, an embankment so as to flood
other land of the disseizee, it was held that the disseizee might maintain
an action on the case for the nuisance.

The action is case, by Andrew C. Fifield against Herbert Bailey.

The declaration, which may be referred to, alleges that since March
31, 1863, the plaintiff has been seized and possessed of a certain parcel
of land in Enfield, and that the defendant, contriving to injure the plaintiff
and deprive him of the benefit of his said land, has for six years past
maintained, kept up, and continued a dam or embankment part way
across a brook called George Pond Brook, running through the plain-
tiff's said land, which said defendant has been requested to remove
and abate, by means thereof caused the water of the brook aforesaid to
overflow the plaintiff's said land, by reason of which the plaintiff's land
has been washed away and destroyed, the plaintiff's cranberry bed in-
jured, &c.   The following facts are stated for the opinion of the court:
The line between the premises of the plaintiff and the defendant is the
easterly bank of a brook.   In 1863 the defendant's grantor, one Sullo-
way, built a bank wall along the brook but thirteen feet over the line and
wholly on the plaintiff's land.   Sulloway filled in with earth easterly
of the wall, and used and cultivated the land thus made as part of his
own premises.   In 1866 Sulloway conveyed these premises to the de-
fendant by the same description, that is, making the easterly bank of
the brook the line; and the defendant has since that time occupied the
land up to the wall, and, the plaintiff claims, has increased the height
of said wall a foot more or less, which the defendant denies.   Before
this suit was commenced, the plaintiff notified the defendant to remove
the wall and embankment.   Upon this state of facts the court here
ruled *pro forma* that the action could not be sustained.

If the court should be of opinion that the ruling was right, a nonsuit
is to be ordered; otherwise, the cause is to stand for trial without pre-
judice to either party from any statement of fact herein contained.

*Murray*, for the plaintiff.

*E. B. S. Sanborn* (with whom was *Harry Bingham*), for the defendant.

CUSHING, C. J.   The action of Sulloway in building the bank wall
thirteen feet west of the bank of the brook, and filling up the space
behind the wall and occupying, certainly turned the plaintiff out of his
possession.   It also obliterated the bank of the brook, and established
a new bank thirteen feet west of the former.   In 1866, three years
after, Sulloway conveyed to the defendant, describing the land as
bounded on the east bank of the brook,—and the defendant took pos-

session, and occupied up to the bank wall. It would seem not to admit of a doubt that Sulloway's deed did purport to convey the land up to the west side of the bank wall, and the defendant under this deed occupied all the land it described. These acts of Sulloway clearly amounted to a disseizin of the plaintiff, and the defendant, having taken a deed from Sulloway, was clearly in possession claiming a fee.

Now, it is true that under these circumstances the plaintiff might have maintained trespass for the original act of turning him out of possession, and for any acts done afterwards by Sulloway or by the defendant, and that the law would, according to the doctrine of *Hatch* v. *Partridge*, 35 N. H. 157, presume an entry for the purpose of supporting a writ of entry or an action of trespass; still, it is only at his election that this takes place.*

The plaintiff may well say to the defendant,—"You have disseized me; you have taken possession of my land, claiming a title, and on the land which you so possess you maintain an embankment which floods my other land; you are welcome to the land of which you or your grantor have forcibly dispossessed me, but you are not to make use of it for the purpose of maintaining a nuisance and doing an injury which you could not lawfully do if you had a better title to the land."

We think that the plaintiff being disseized, and the defendant being in possession as disseizor, neither he nor his grantor having done any act showing a relinquishment of their claim until it was found convenient for the purpose of evading this suit to do it, the plaintiff is not obliged to take back his land with the nuisance upon it; he is not obliged to bring an action for the support of which the law would presume a reëntry; but he may have his remedy in case against the defendant for maintaining a nuisance upon land which he has held hitherto, claiming to be the owner in fee. *Towle* v. *Ayer*, 8 N. H. 57–62; *Walker* v. *Wilson*, 4 N. H. 217.

LADD, J. Upon the facts stated I am of opinion this action can be maintained. It is true, as the defendant's counsel says, that, under the decisions in this state the plaintiff might maintain·an action of trespass *quare clausum* without a reëntry, even admitting the defendant to be a disseizor. But it is impossible to see how that can abridge another remedy which is clearly open to him at common law.

The defendant is in possession under a deed which unquestionably carries his boundary to the face of the wall next the brook. He has occupied under the deed to the limit thus described. Under these circumstances can there be any doubt but the plaintiff may, at his election, treat him as a disseizor? It is probably sufficient, however, that he was in the actual possession and occupancy of the premises at the time of the injury complained of; and if he has maintained a nuisance there from which the plaintiff has suffered special damage, I see no reason

---

* As to " an election of actions," see *Woodbury* v. *Woodbury*, 47 N. H. 22, 23, and *Carleton* v. *Cate* (Grafton county), August term, 1875.        REPORTER.

why he may not recover for such damage in an action on the case as well as though the nuisance had been maintained on land of which he was owner in fee.

The consequences suggested by his very able and learned counsel by no means follow. The plaintiff cannot recover in this suit for any of Sulloway's wrongful acts; nor can he recover for the entry upon or occupation of his land by the defendant. So far as regards this suit, it stands the same as though the wall were maintained by the defendant on his own land, and the maxim *sic utere*, &c., applies. The plaintiff can only recover for the injuries set up in his declaration,—that is, for causing the brook to overflow and wash away his land, injury to his cranberry bed, &c. If no such injury has resulted from maintaining the wall, then, of course, the plaintiff fails in his proof, and will not be entitled to recover.

SMITH, J. This action is not trespass *quare clausum* for breaking and entering the plaintiff's close, building a wall upon his premises, and filling in with earth; nor is it a writ of entry to recover possession of the strip of land thirteen feet in width, of which the defendant and his grantor have disseized him;—but the action is case for maintaining a nuisance whereby the plaintiff's land west of said strip thirteen feet in width has been overflowed and washed away, and his cranberry bed injured, &c.

The defendant claims that, as the nuisance is erected upon the land of the plaintiff, the action is misconceived; that the plaintiff should have brought trespass and not case.

In 1863 the defendant's grantor entered upon the plaintiff's land thirteen feet westerly of the true line, put in a bank wall, and filled in easterly of the wall with earth, cultivating and occupying the same as his own premises. In 1866 he conveyed the same to the defendant, bounding him on the west by the easterly line of the bank; and the defendant has since occupied up to the wall as part of his premises. From 1863 to the present time, therefore, the defendant and his grantor have occupied this strip of land, holding the plaintiff out. I think it must be very clear that the defendant is estopped to deny that he does not own the premises. He cannot be permitted to take advantage of his own wrongful act to defeat the action of the owner whom he and his grantor have excluded from the enjoyment of his own property.

This action can be maintained, but the plaintiff cannot recover for the trespass to the premises, which the defendant occupies, nor for any other injuries than those occasioned to his premises, not so occupied by the defendant, by the building and keeping of the wall and embankment. Whether he recovers any damages, and if so, how much, depends upon his ability to show that by means of the wall and embankment his land adjoining on the west has been injured, as alleged in the declaration.

*Case discharged.*